■ In the Matter of the Arbitration between HUMBLE OIL & REFINING COMPANY, Appellant, and ONOFRIO R. CIVITANO et al., Respondents.— In a proceeding to stay arbitration, petitioner appeals from an order of the Supreme Court, Westchester County, entered February 14, 1969, which denied the application. Order reversed, on the law and the facts, with $20 costs and disbursements; application granted to the extent of staying arbitration pending determination, pursuant to CPLR 7503 (subd. [a]) of the issue of whether the taking by condemnation of a portion of the subject property "substantially interfere[d] with the conduct of * * * [petitioner's] business" within the meaning of paragraph (12) of the lease between the parties; and proceeding remitted to the Special Term for trial and determination of that issue. Paragraph (12) of the lease of a gasoline service station by respondents to petitioner provided that the taking for public use of more than five feet of the property "if it does not substantially interfere with the conduct of the Lessee's business shall be the subject of renegotiation as to rental value, such renegotiation to be had by the parties, who, if unable to agree shall cause arbitration thereof." Approximately 40 feet were taken; petitioner claimed that the taking constituted a substantial interference with its business, so that the lease was terminated, while respondents argued to the contrary; respondents demanded arbitration of a number of issues, including the questions of whether the partial taking substantially interfered with the conduct of petitioner's business in the property remaining and whether petitioner was estopped from claiming that there was such substantial interference; petitioner sought to stay such arbitration; and its application for a stay was denied by the order under review. It is our opinion that under the limited provision for arbitration here, the dispute as to whether the partial taking constituted a "substantial" interference with the conduct of petitioner's business is one which must be settled by the court after trial; and a finding that there was no such substantial interference is a condition precedent to the right to arbitration (cf. *Matter of Rosenbaum* [*American Sur. Co. of N. Y.*], 11 N Y 2d 310, 313–314; *Matter of Wilaka Constr. Co.* [*N. Y. City Housing Auth.*], 17 N Y 2d 195, 198; *Matter of Methodist Church of Babylon* [*Glen-Rich Constr. Corp.*], 29 A D 2d 773). We note, also, that the only issue to be arbitrated, if it is found that respondents are entitled to arbitration, is the rental value of the premises after the partial taking. Beldock, P. J., Brennan, Benjamin, Munder and Martuscello, JJ., concur.