■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. JAMES MIGLIORESE, Appellant, v WARDEN, GREEN HAVEN CORRECTIONAL FACILITY, et al., Respondents.—In a habeas corpus proceeding petitioner appeals from a judgment of the Supreme Court, Dutchess County, dated May 5, 1976, which, after a hearing, *inter alia,* granted his application to the extent of directing respondents to afford him a final parole revocation hearing on a certain date. Judgment affirmed, without costs or disbursements (see *People ex rel. Rodriguez v New York State Bd. of Parole,* 53 AD2d 622). Latham, Acting P. J., Cohalan, Rabin, Shapiro and Titone, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. PHILLIP RODRIGUEZ, Appellant, v NEW YORK BOARD OF PAROLE et al., Respondents.—In a habeas corpus proceeding, petitioner appeals from a judgment of the Supreme Court, Dutchess County, dated May 5, 1976, which, after a hearing, dismissed the proceeding. Judgment affirmed, without costs or disbursements. Petitioner asserts that he was not accorded his right to a prompt final parole revocation hearing. After considering all of the facts and circumstances involved herein, we hold that the delay was not unreasonable in view of its length and the absence of any showing of real prejudice. Latham, Acting P. J., Cohalan, Rabin, Shapiro and Titone, JJ., concur.

## (June 7, 1976)

■ AMERICAN PLAN CORPORATION, Respondent, v JEROME JARCHIN et al., Appellants.—In a proceeding to stay arbitration, the appeals are from (1) an order of the Supreme Court, Nassau County, entered April 5, 1974, which stayed arbitration pending a trial of the preliminary issue of whether the agency agreement had been terminated by petitioner and (2) a judgment of the same court, entered August 6, 1975, which, after a nonjury trial of that issue, permanently stayed arbitration. Order and judgment affirmed, with costs. Special Term properly determined that it was for the court, not the arbitrators, to determine whether the express condition precedent to arbitration, contained in the narrowly drafted arbitration clause, had been met (see *Matter of Rosenbaum [American Sur. Co. of N. Y.],* 11 NY2d 310, 313–314; *Matter of Empire Mut. Ins. Co. [Stroud-Boston Old Colony Ins. Co.],* 36 NY2d 719, 720; *Matter of Humble Oil & Refining Co. [Civitano],* 32 AD2d 670). Upon this record, it is clear that Trial Term correctly concluded that this express condition precedent had not been satisfied. Latham, Acting P. J., Margett, Damiani, Rabin and Shapiro, JJ., concur.