■ THE PEOPLE OF THE STATE OF NEW YORK, ex rel. ELDRIDGE LEVY, Appellant, v STEPHEN DALSHEIM, as Superintendent of the Ossining Correctional Facility et al., Respondents.—In a habeas corpus proceeding, petitioner appeals from a judgment of the Supreme Court, Westchester County, dated August 31, 1978, which dismissed the petition and directed respondents to afford him a final parole revocation hearing within 15 days of the entry of the judgment. Judgment reversed, on the law, without costs or disbursements, petition granted with prejudice, and petitioner is restored to parole under the conditions heretofore in effect. Petitioner was sentenced to an indeterminate term of imprisonment with a maximum of nine years on April 26, 1974. He was released on parole in October, 1977. On April 11, 1978 a warrant for the retaking and temporary detention of petitioner as an alleged parole violator was issued. On April 20, 1978 he was afforded a preliminary hearing which resulted in a finding of probable cause with respect to a charge that petitioner had failed to advise his parole officer of a February 24, 1978 arrest. In July, 1978 petitioner commenced this habeas corpus proceeding seeking his release from custody due to respondents' failure to afford him a timely final parole revocation hearing. Such hearing was scheduled for August 24, 1978 but a determination has not yet been made. On January 1, 1978 section 259-i of the Executive Law became effective (L 1977, ch 904, § 3). Section 259-i (subd 3, par [f], cl [i]) provides, in part, that: "Revocation hearings shall be scheduled to be held within ninety days of the probable cause determination." Though there is an absence of legislative history on the question of whether the statute is to be strictly construed or to be considered merely as a guideline, the language clearly indicates that the legislative intent was to create a time period beyond which any delay was unreasonable per se. Prior to the enactment of the above statute, courts generally made *ad hoc* determinations on the "reasonableness" of the delay (see *Matter of Beattie v New York State Bd. of Parole,* 47 AD2d 656, affd 39 NY2d 445; *People ex rel. Serrano v Warden, N. Y. City*

*House of Detention for Men,* 47 AD2d 485; see, also, *Morrissey v Brewer,* 408 US 471). The statute, however, now makes clear that a delay beyond 90 days after the probable cause determination is unreasonable per se (unless the exceptions provided for in the statute are applicable). Although the statute does not specify a remedy, it seems clear to this court that vacatur of the warrant and reinstatement of parole is the only appropriate remedy (see *Matter of Smith v Chairman of N. Y. State Bd. of Parole,* 60 AD2d 775, affd 44 NY2d 982; *Matter of Piersma v Henderson,* 60 AD2d 1001, affd 44 NY2d 982; *People ex rel. Walsh v Vincent,* 50 AD2d 914, affd 40 NY2d 1049; *Matter of Beattie v New York State Bd. of Parole, supra).* To merely order a hearing within a specified time would render the 90-day limit a nullity. Latham, J. P., Rabin, Cohalan and Margett, JJ., concur.