■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. BARRY C. ELMORE, Respondent, v STEPHEN DALSHEIM, as Superintendent of Ossining Correctional Facility, Appellant. THE PEOPLE OF THE STATE OF NEW YORK ex rel. ISAAC HERNANDEZ, Respondent, v STEPHEN DALSHEIM, as Superintendent of Ossining Correctional Facility, et al., Appellants. THE PEOPLE OF THE STATE OF NEW YORK ex rel. CHARLES RYAN, Respondent, v NEW YORK STATE BOARD

OF PAROLE et al., Appellants.—In three habeas corpus proceedings, the consolidated appeals are from three judgments (one in each proceeding) of the Supreme Court, Westchester County, all dated August 30, 1978, which sustained the writs and directed the appellants to restore the petitioners to parole on similar terms and conditions as had been previously imposed. As to petitioners Hernandez and Ryan, judgments affirmed, without costs or disbursements (see *People ex rel. Levy v Dalsheim,* 66 AD2d 827). As to petitioner Elmore, judgment reversed, on the law, without costs or disbursements, and proceeding dismissed. The record shows that in the case of petitioner Elmore, the Board of Parole did in fact comply with the statute (Executive Law, § 259-i, subd 3, par [f], cl [i]) by scheduling a revocation hearing within 90 days of the determination of probable cause for believing that he had violated one or more of the conditions of his parole (cf. *People ex rel. Levy v Dalsheim, supra).* Damiani, J. P., Lazer and Rabin, JJ., concur.

Suozzi, J., concurs in the result, with the following memorandum: I concur with the result reached by the majority on constraint of the holding of this court in *People ex rel. Levy v Dalsheim* (66 AD2d 827). In *Levy,* this court held that section 259-i (subd 3, par [f], cl [i]) of the Executive Law, which provides that parole revocation hearings "shall be scheduled to be held within ninety days of the probable cause determination", stands for the proposition that a delay beyond 90 days is unreasonable per se (unless certain exceptions are applicable) and requires vacatur of the parole violation warrant and a reinstatement of petitioner to parole. However, it is my view that this statute merely codified the prior practice whereby the courts generally made *ad hoc* determinations as to the reasonableness of the delay (see *Matter of Beattie v New York State Bd. of Parole,* 47 AD2d 656, affd 39 NY2d 445; *People ex rel. Serrano v Warden, N. Y. City House of Detention for Men,* 47 AD2d 485). In adopting this *ad hoc* approach, most courts set a period of 90 days as the lower limit for finding undue delay in granting a final parole hearing and the statute incorporates that period. However, even when the period of delay exceeded 90 days, the courts did not uniformly vacate the parole violation warrants and restore the affected petitioners to parole. It is true that when the delay was inordinately long, the courts did not hesitate to vacate the parole violation warrants and restore the petitioners to parole (see *People ex rel. Jones-El v Superintendent of Green Haven Correctional Facility,* 51 AD2d 1049 [18 months]). However, when the delay beyond 90 days was of short duration, and petitioner failed to demonstrate any prejudice, the courts excused the delay and merely directed an immediate parole violation hearing (see *People ex rel. Rodriguez v New York Bd. of Parole,* 53 AD2d 622; *People ex rel. Perez v Dalsheim,* 64 AD2d 987). In this regard, it must be emphasized that the statute is completely silent as to any remedy which is to be afforded a petitioner for a violation by the parole authorities of the 90-day guideline. This omission lends support to the proposition that the statute incorporates the case law which holds that unless actual prejudice is shown from a relatively short delay, the appropriate relief is a prompt hearing and not vacatur of the warrant. Moreover, as the Attorney-General points out, an interpretation of section 259-i (subd 3, par [f], cl [i]) of the Executive Law which would mandate all parole revocation hearings to be held within 90 days at the risk of vacating the parole violation warrants, would place a tremendous financial burden on the Board of Parole. Since the Legislature has not as yet funded the Board of Parole at a level commensurate with such a heavy duty, the drastic remedy of vacating parole violation warrants should not be imposed where the delay

is only a few weeks past the 90-day deadline and there has been no prejudice (e.g., as to petitioners Hernandez and Ryan).