■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. LEMUEL GOODMAN, Appellant, v HAROLD J. SMITH, as Superintendent of the Attica Correctional Facility, Respondent.—Judgment unanimously reversed, writ granted and relator returned to parole status. Memorandum: Relator appeals from a judgment of Supreme Court, Wyoming County, which dismissed his petition seeking a writ of habeas corpus. On February 27, 1976 relator was convicted of robbery in the third degree and sentenced to a term of imprisonment of 0 to 5 years at the Attica Correctional Facility. On June 23, 1977 he was placed on parole status. On July 26, 1978 he was cited for a parole violation, and while at the Erie County Holding Center on August 2, 1978, a preliminary parole revocation hearing was conducted at which time probable cause was established. The final parole revocation hearing was scheduled to be held on October 3, 1978 at the Attica Correctional Facility. This hearing was adjourned to October 4, 1978 at the request of relator's counsel. On the adjourned date it was discovered that relator had been transferred, by court order, to Erie County for court proceedings but it also appears that relator was returned to Attica on October 6, 1978 where he remained until November 30, 1978. The final revocation hearing was rescheduled for October 17, 1978 and rescheduled once more to November 6, 1978. No hearing was held, although relator was at Attica from October 6 to November 30, 1978. During this span of time there was an adjournment chargeable to relator, from November 6 to December 12, because of the illness of relator's attorney. On November 30, 1978 relator was again transferred from Attica to Erie County where he remained until December 15 when he was returned to Attica. On January 5, 1979 counsel for relator requested a 30-day adjournment of the final revocation hearing in order to obtain the transcript of a City Court hearing, a period clearly chargeable to relator. The revocation hearing was rescheduled for February 6, 1979. On February 6 relator was once again in Erie County and the final revocation hearing was rescheduled for March 6, 1979. The question to be resolved is whether the various delays are chargeable to the relator or the State. A total of some 223 days elapsed between the finding of probable cause and the final

revocation hearing. Clearly, some of this period is chargeable to requests for adjournments by relator's attorney, at least some 60 days. Respondent's argument that the periodic transfer of relator from Attica to Erie County during this period relieves them from the clear mandate of section 259-i (subd 3, par [f], cl [i]) of the Executive Law, is without merit. Most of relator's transfers to Erie County were of short duration, often merely overnight. During the critical period in question, he was at Attica for extensive, uninterrupted periods. In any event, his presence at Attica was not critical to the holding of the final revocation hearing as evidenced by the fact that the preliminary revocation hearing was conducted at the Erie County Holding Center. The final revocation hearing could easily have been conducted in Erie County. At no time during his incarceration was relator in the position addressed by the court in *People ex rel. Spinks v Dillon* (68 AD2d 368), that is, beyond the convenience and practical control of the Parole Board. The delay of over 90 days excluding statutory exceptions after the finding of probable cause is unreasonable per se and the writ of habeas corpus is granted *(People ex rel. Levy v Dalsheim,* 66 AD2d 827). (Appeal from judgment of Wyoming Supreme Court—habeas corpus.) Present—Simons, J. P., Hancock, Jr., Schnepp, Doerr and Witmer, JJ.