OPINION OF THE COURT
Arthur D. Spatt, J.
On July 25, 1978, petitioner was sentenced to an indeterminate term of imprisonment of one and one-half to three years for the crime of grand larceny in the third degree. On April 25, 1980, he was released from custody to parole supervision.
On July 16, 1980, petitioner was charged with another crime, to wit: possession of stolen property. On September 18, 1980, petitioner pleaded guilty to criminal possession of stolen property, third degree. Prior to his plea, specifically, on September 12, 1980, a parole violation warrant No. 70015 was lodged against petitioner.
This is an article 78 proceeding wherein petitioner seeks a judgment vacating, with prejudice, his parole “delinquency”; vacating the parole warrant lodged against him; and directing reinstatement of his parole. The predicate for this requested relief is petitioner’s contention that the Board of Parole failed to properly and timely notify his attorney (see Executive Law, § 259-i; 9 NYCRR 8005.18) of the date, place and time of the scheduled final *705 revocation hearing; and that, as a result of such failure, petitioner was denied a final revocation hearing within the statutory 90-day time period. He asserts that the only appropriate remedy to rectify such a violation of the statute is a vacatur of the warrant and reinstatement of parole.
For the reasons set forth below, the court finds, on the particular facts herein presented, that the relief requested should be denied.
The essential facts are not in dispute. On September 19, 1980, seven days after the lodging of the parole violation warrant, petitioner requested that the Legal Aid Society, his attorneys herein, represent him with respect to his parole revocation hearing. On September 24, 1980, petitioner’s attorney properly filed a notice of appearance on petitioner’s behalf. (See 9 NYCRR 8005.5.) The notice of appearance demanded notice of the date and time of the “final revocation” hearing, and demanded copies of all documents to be considered by the hearing officer.
Thereafter, on September 25, 1980, a preliminary parole revocation hearing was conducted. (See Executive Law, § 259-i, subd 3, par [c].) Petitioner was represented by counsel at that hearing.
After said hearing, and on September 25, 1980, the hearing officer found “probable cause” to believe that petitioner violated a condition of his parole. The hearing officer’s preliminary “Decision and Summary” reflects that petitioner was represented by counsel at that hearing.
Thereafter, petitioner, on or about November 26, 1980, was himself notified of the date, time and place of the final revocation hearing, to wit, December 15, 1980. He apparently also received a copy of the report of violation of parole and other pertinent documents. It is conceded, however, that his attorney did not receive written notification of the date of final revocation hearing, nor did he receive such documents.
With regard to the requirement that the “final revocation hearing” be held within 90 days of the “probable *706 cause determination” and the requirement that both petitioner and his counsel receive notices of such, final hearing, subdivision 3 of section 259-i of the Executive Law provides, in pertinent part, as follows:
“(f) (i) Revocation hearings shall be scheduled to be held within ninety days of the probable cause determination. However, if an alleged violator requests and receives any postponement of his revocation hearing, or consents to a postponed revocation proceeding initiated by the board, or if an alleged violator, by his actions otherwise precludes the prompt conduct of such proceedings, the time limit, may be extended.
“(ii) The revocation hearing shall be conducted by a presiding officer who may be a member or a hearing officer designated by the board in accordance with rules of the board.
“(iii) Both the alleged violator and an attorney who has filed a notice of appearance on his behalf in accordance with the rules of the board of parole shall be given written notice of the date, place and time of the hearing as soon as possible but at least fourteen days prior to the scheduled date.
“(iv) The alleged violator shall be given written notice of the rights enumerated in subparagraph (iii) of paragraph (c) of this subdivision as well as his right to present mitigating evidence relevant to restoration to parole and his right to counsel.” (Emphasis supplied; see, also, 9 NYCRR 8005.18.)
In this case, the scheduled date of the final revocation hearing, December 15, 1980, was within the 90-day period, and the notice to the petitioner was timely. However, respondent does not deny that it failed to furnish petitioner’s counsel with a copy of the . notice. The reason: clerical oversight — the notice of appearance was not present in the appropriate file.
On December 9, 1980, petitioner’s counsel, while discussing this matter with petitioner at the Nassau County Correctional Center, learned from petitioner that he had been served with notice of a final revocation hearing, and that the hearing was set for some time during the ensuing *707 week. While petitioner had in his possession the “Report of Violation” and other documentation, petitioner’s counsel was apparently unable to see them on December 9. On December 11, 1980, petitioner’s counsel wrote to the Division of Parole and indicated that he, counsel, had learned that the petitioner’s hearing was soon to be held and demanded the exact date and time of the hearing.
On December 15, 1980, petitioner’s counsel, while at the Nassau County Correctional Center on an unrelated matter, learned that petitioner’s final hearing was to be held that date. Petitioner’s counsel demanded that the hearing officer adjourn the hearing due to insufficient notice. This request for an adjournment was granted, and the hearing was adjourned until December 30, 1980.
The December 30, 1980, hearing date was outside the 90-day statutory period. However, the 90-day period did not expire until December 24, 1980. Thus, taking December 9, 1980, or the date when petitioner’s counsel received actual notice that the hearing had been scheduled, had the hearing been rescheduled for December 23, 1980, 14 days after the actual notice, the final hearing could have been timely held.
As petitioner’s counsel correctly notes, in construing the statutory time periods of section 259-i of the Executive Law, the courts have read such terms strictly. Indeed, it has been held that the language of such statute clearly indicates that the legislative intent was to create a time period (90 days) beyond which, other than for certain exceptions, any delay was unreasonable per se. (See People ex rel. Levy v Dalsheim, 66 AD2d 827, affd 48 NY2d 1019; People ex rel. Johnson v New York State Bd. of Parole, 71 AD2d 595; People ex rel. Elmore v Dalsheim, 69 AD2d 909; People ex rel. Nelson v Hammock, 96 Misc 2d 776.) In Levy (supra), the final revocation hearing was held beyond the 90-day period. In Johnson (supra), the final revocation hearing was heard on the 89th day, but neither petitioner nor his counsel received notice of same and did not receive the relevant documents until after the date of the hearing.
Strictly construing the statute in each case, the courts held that as respondent did not comply with the statutory *708 direction, the final revocation hearing was invalid, and that the only appropriate remedy was to restore petitioner to probation.
As it is the liberty of a citizen which is at issue, it is certain that the interests of justice dictate such strict construction. However, on the peculiar facts of this case which demonstrate actual, timely notice to petitioner’s counsel that a hearing was imminent, the court is of the opinion that summary vacatur of the warrant and restoration of probation is not here appropriate.
The statutory direction that notice of the final hearing be sent to both the parolee and his counsel was clearly intended to provide the parolee with a shield. Specifically, it was designed to make his statutory right to representation by counsel a meaningful one by allowing counsel to prepare for his hearing. Actual notice by mail achieves this purpose. Should this dual notification requirement, on the facts here presented, also be permitted to be used as a sword?
Here, counsel for petitioner learned of the scheduling of a final revocation hearing 15 days prior to the expiration of the 90-day period. Had he immediately communicated the fact of his non-notification to the hearing officer, a timely rescheduling of the hearing could have been had. In this case, petitioner’s counsel acted in good faith. However, to hold that where a parolee’s counsel has actual timely knowledge that a final revocation hearing date has been scheduled, the failure to separately notify counsel of such date requires a summary vacatur of the parole warrant would, in this court’s view, unnecessarily elevate form over substance without a resulting benefit to the interests of justice or the rights of a citizen. Such a construction could very well result in abuses unforeseen and unintended by the Legislature, and not heretofore presented for determination by the courts. For instance, might it not be wise for an attorney, confronted with the fact of his own “non-notice” to do “nothing” and let the time period run. Having actual knowledge that a hearing has been scheduled; having access to the requisite data supplied to his client, the attorney would have every opportunity to prepare for the upcoming hearing.
*709 This court in no way relieves the respondent of the duty to comply, in every respect, with the detailed procedures set forth in the Executive Law. Nor should this opinion be construed to place an affirmative duty upon a parolee’s counsel to inquire of his client as to the receipt of the requisite notice. This court “strictly” holds respondent to its statutory duty. However, where, as here, a parolee’s counsel does, in fact, acquire actual knowledge that his client has received the required notice, as was in candor revealed here; and where such information is acquired by counsel at a time wherein he could seek an adjournment of the scheduled hearing to a date 14 days thereafter and still be heard within the 90-day period, then, in such a case, vacatur of the warrant and restoration to probation is not mandated.
Here, petitioner’s counsel did receive actual timely notice of the final hearing, and it was he who requested, on December 15, 1980, that the hearing be adjourned to December 30, 1980, a date subsequent to the 90-day limitation. Such postponement, on the facts of this case, resulted in no injustice or undue prejudice to the petitioner.
The petition is hereby dismissed. The respondent is directed to afford petitioner a final revocation hearing, if not already held, within 10 days of the date hereof.