■ In the Matter of BENJAMIN GARLAND, Appellant, v NEW YORK STATE DIVISION OF PAROLE, Respondent. — Two orders, Supreme Court, New York County (Shorter, J.), entered March 2, 1981 and October 30, 1981, directing the Division of Parole to hold a final parole revocation hearing within 90 days and 30 days of entry of the first and second orders respectively, unanimously reversed, on the law, without costs, and parole revocation warrant vacated. On December 10, 1979 a New York State parole violation warrant was lodged against petitioner-appellant, who was in Federal custody at the Metropolitan Correctional Center (MCC). On that same date he waived a preliminary revocation hearing. He did not receive a final parole revocation hearing until November 5, 1981, almost two years later. Section 259-i (subd 3, par [f], cl [i]) of the Executive Law provides that revocation hearings shall be scheduled to be held within 90 days of probable cause determination (in this instance, the waiver of the preliminary hearing on Dec. 10, 1979). The language is manda-

tory, and a delay beyond the 90-day limitation (unless the statutory exceptions, relating to petitioner's actions or his request or consent to a postponement, are applicable) is unreasonable per se (*People ex rel. Levy v Dalsheim*, 66 AD2d 827, affd 48 NY2d 1019). Two adjournments were requested by petitioner, the first because he had not received the statutory 14-day notice of revocation hearing (Executive Law, § 259-i, subd 3, par [f], cl [iii]) and the second in order to secure counsel. Thereafter petitioner was transferred to Lewisburg Federal Penitentiary. He wrote to the Division of Parole on May 16, 1980 requesting disposition of the warrant. He was returned to MCC on June 13, 1980. However, the Division of Parole was apparently unaware of the transfer and no revocation hearing was held. He was again transferred to Lewisburg on July 21, 1980 and then again returned to MCC on February 12, 1981. On March 2, 1981, the first order was entered directing the Division of Parole to conduct a hearing within 90 days, Special Term having held that petitioner was responsible for the delay, "whatever the occasion". The division, again unaware of petitioner's presence at MCC, requested that he be returned from Lewisburg. The Federal authorities answered on April 3, 1981, in what appears to be a form letter, denying the request and stating that no prisoners were being returned for State parole hearings "since the inmate count is very high at that facility". On October 30, 1981, the second order directed the division to conduct the hearing within 30 days. It was held on November 5, 1981. Respondent contends that the requests for adjournment should be charged to petitioner and that, while relator was incarcerated at the Lewisburg Penitentiary, he was not subject to the "convenience or control" of the Division of Parole. Further, respondent maintains that it should not be held responsible for those periods of time petitioner was being held at MCC without its knowledge. "However, the Division of Parole had no way of knowing this * * * It would be unfair to vacate this parole violation warrant because the respondent did not know what they could not have known. The respondent had no knowledge of any kind that the appellant was at the Metropolitan Correctional Center". Relator was subject to the "convenience and practical control" (*People ex rel. Gonzales v Dalsheim*, 52 NY2d 9, 12) of the Division of Parole for a period substantially in excess of the statutory 90 days, and respondent makes no showing otherwise. Even if we were to consider and grant their contentions as to the postponements, by the time petitioner moved to adjourn his case for the first time, on February 28, 1980, 68 days had already elapsed. Thirty-eight additional days elapsed during the period he was returned to MCC, from June 13, 1980 to July 21, 1980. The Division of Parole is charged with knowledge of petitioner's incarceration in that facility (all told he was lodged at MCC between Dec. 10, 1979 and May 12, 1980; between June 13, 1980 and July 21, 1980; and from Feb. 12, 1981 to the present) "[i]n view of the relative ease of interstate communication and transportation" (*People ex rel. Gonzales v Dalsheim, supra*, p 14) and in view of his outstanding request for a disposition of the warrant. Both orders appealed from should be reversed. The division attempted to extend a statutory deadline which had already been violated. Concur — Carro, J. P., Bloom, Fein and Milonas, JJ.

Silverman, J., concurs in a memorandum as follows: Even allowing for all times when respondent did not know that petitioner was in New York at the Metropolitan Correcton Center or that he was available, and times when the Federal authorities were unco-operative, there still remain over 90 days after the preliminary revocation hearing when petitioner was clearly available and respondent knew it.