OPINION OF THE COURT
Seymour Rotker, J.
The within application for a writ of habeas corpus is brought because the petitioner claims that his continued detention is unlawful.
The petitioner alleges that he is being held illegally because the Board of Parole has failed to afford the petitioner a final parole revocation hearing within 90 days of the finding of probable cause pursuant to section 259-i (subd 3, par [f], cl [i]) of the Executive Law.
The facts in this matter are indisputable. The petitioner waived his preliminary hearing on March 12, 1982 and a final hearing was scheduled for May 5, 1982. The May 5 date was adjourned by the Parole Board to May 24. On May 7, 1982, the Parole Board received a notice of appearance from the petitioner’s attorney, who was notified of the next date. On May 24, 1982, a final revocation hearing was held, however, it was adjourned because the petitioner did not realize he had an attorney and the attorney did not appear on the date; a July 9,1982 control date was set. The hearing was rescheduled for July 8, 1982 at the petitioner attorney’s request. The July 8 hearing was then resched *650 uled by the Parole Board for July 26, 1982 and ultimately held on that date.
The time periods of April 12 to May 24 and July 8 to July 26 are chargeable to the Parole Board. Section 20 of the General Construction Law states that “[i]n computing any specified period of time from a specified event, the day upon which the event happens is deemed the day from which the reckoning is made. The day from which any specified period of time is reckoned shall be excluded in making the reckoning.” In applying this rule, the time period of March 12 to May 24 would total 73 days and the time period of July 8 to July 26 would total 18 days. Therefore, a final parole violation hearing was held on July 26, 1982, 91 days after the petitioner waived the preliminary hearing.
The only matter in dispute is whether the Parole Board met the 90 days’ statutory requirement as set forth in section 259-i (subd 3, par [f], cl [i]) of the Executive Law. Although many of the leading cases have held that the statute regarding the 90-day period must be strictly construed (see People ex rel. Hernandez v Dalsheim, 69 AD2d 909, affd 48 NY2d 1020), the court feels where the 90-day period falls on a Sunday, as in this case, then the holding of a hearing on the next day would conform with the spirit and letter of the law. “When any period of time, computed from a certain day, within which or after which or before which an act is authorized or required to be done, ends on a Saturday, Sunday or public holiday, such act may be done on the next succeeding business day” (General Construction Law, § 25-a, subd 1). The court would point out that in calculating the 90-day period, both the petitioner and the respondent apply section 20 of the General Construction Law. Therefore, the court will apply the full effect of the statute including the section regarding the counting of the last day when it falls on a Sunday.
Accordingly, the court finds that the petitioner has been afforded a final parole revocation hearing within the 90-day time period as required by law. The writ is therefore denied.
Order entered accordingly.
*651 The clerk of the court is directed to mail a copy of this memorandum and order to the attorney for the defendant.