■ In the Matter of RICHARD PICCIANO, Appellant, v EDWARD HAMMOCK, as Chairman of the New York State Board of Parole, et al., Respondents. — Appeal from a judgment of the Supreme Court at Special Term (Walsh, Jr., J.), entered April 12, 1982 in Clinton County, which denied petitioner's application, in a proceeding pursuant to CPLR article 78, seeking to annul a determination revoking petitioner's parole. The sole issue on this appeal is whether petitioner was afforded a timely final parole revocation hearing. Pursuant to section 259-i (subd 3, par [f], cl [i]) of the Executive Law, a final parole revocation hearing must be held within 90 days of the probable cause determination, except that the time limit may be extended where the alleged violator requests and receives an adjournment, consents to a postponement or otherwise acts to preclude the prompt conduct of the hearing. This time limit is mandatory and any delay beyond the 90 days is unreasonable per se, unless the exceptions provided for in the statute are applicable (*People ex rel. Levy v Dalsheim,* 66 AD2d 827, affd 48 NY2d 1019). Here, the probable cause determination occurred October 8, 1980, when petitioner waived his right to a preliminary revocation hearing (Executive Law, § 259-i, subd 3, par [d]; see, also, *Matter of Garland v New York State Div. of Parole,* 86 AD2d 848). The final hearing was originally scheduled for December 11, 1980, well within the 90-day period, but was adjourned at petitioner's request. The hearing was rescheduled for January 29, 1981, but was thereafter postponed for administrative reasons chargeable to respondents until it was finally held on March 9, 1981, the 152nd day after the probable cause determination. On appeal, respondents now contend that once an alleged violator requests an adjournment, the 90-day time limit of section 259-i (subd 3, par [f], cl [i]) is no longer applicable and all that is required is that the final revocation hearing be held within a reasonable time. As noted above, however, the statute must be strictly construed, since the legislative purpose was to create a time period beyond which any delay is unreasonable per se (*People ex rel. Levy v Dalsheim, supra*). "The Legislature obviously intended to avoid what had previously been the practice of making *ad hoc* determinations as to whether a particular delay was or was not reasonable under the circumstances" (*People ex rel. Johnson v New York State Bd. of Parole,* 71 AD2d 595). Respondents' contention is contrary to the statutory construction adopted by them herein at the administrative level and at Special Term, whereby they sought to exclude from the total elapsed time those delays for which extensions are authorized by the statute. In our view, this latter construction of the statute is proper (see, e.g., *People ex rel. Sloan v New York State Bd. of Parole,* 88 AD2d 666; *People ex rel. Goodman v Smith,* 73 AD2d 800). Respondents also contend that in petitioner's request for an adjournment he waived his right to appear at the final hearing and that somehow this waiver should be construed as a consent to all future postponements. This argument has no merit, for even accepting the latter proposition it is clear from petitioner's request that he sought to waive his appearance only at the originally scheduled December 11, 1980 hearing. Similarly, there is nothing in the record to support respondents' argument that petitioner intentionally waived his right to have the hearing held in accordance with the time requirements of section 259-i (subd 3, par [f], cl [i]). Petitioner's written request for an adjournment is dated November 29, 1980. It is petitioner's contention that only the delay between the originally scheduled hearing date, December 11, 1980, and the adjourned date, January 29, 1981, should be excluded. The statutory exclusion, however, specifically refers not

only to the adjournment itself but also to the alleged violator's request for an adjournment (Executive Law, § 259-i, subd 3, par [f], cl [i]). Moreover, by making the request for an adjournment, it cannot be contested that petitioner consented to any delay from the date of the request until the adjourned date requested by him. Excluding the period from November 29, 1980 to January 29, 1981 (61 days) reveals that the last day for a hearing in compliance with the 90-day time limit was March 8, 1981, the day before the hearing was actually held. March 8, 1981, however, fell on a Sunday, and pursuant to section 25-a of the General Construction Law, the time period was extended to the next succeeding business day. Under these circumstances, the hearing held on the 91st day after the probable cause determination met the time limit of section 259-i (subd 3, par [f], cl [i]) of the Executive Law (*People ex rel. Williams v Johnson,* 116 Misc 2d 649). Moreover, petitioner's request was for an adjournment until "the end of January, 1981" and, therefore, he consented to any delay until then, i.e., January 31, 1981, not just until January 29, 1981, the adjourned date fixed by respondents. Thus, the hearing was timely. Judgment affirmed, without costs. Mahoney, P. J., Sweeney, Main, Casey and Weiss, JJ., concur.