■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. RONALD SCHNEIDER, Appellant, v WARDEN OF THE OSSINING CORRECTIONAL FACILITY et al., Respon-

dents. — In a habeas corpus proceeding, petitioner appeals from a judgment of the Supreme Court, Westchester County (Dickinson, J.), entered April 4, 1983, which dismissed the proceeding. Judgment affirmed, without costs or disbursements. Petitioner was sentenced to an indeterminate term of 5 to 15 years' imprisonment on August 7, 1978. Subsequently, he was released on parole. On July 14, 1982, a warrant for the retaking and temporary detention of petitioner as an alleged parole violator was executed. On July 16, 1982, petitioner waived his right to a preliminary hearing. On October 14, 1982, a final revocation hearing was conducted resulting in the revocation of his parole. We reject petitioner's contention that he was not afforded a timely final revocation hearing. Section 259-i (subd 3, par [f], cl [i]) of the Executive Law provides, in part, that: "Revocation hearings shall be scheduled to be held within ninety days of the probable cause determination." The day petitioner waived his right to a preliminary hearing to determine if there was probable cause to believe he violated the conditions of his parole is deemed the day the probable cause determination is rendered. In computing any specified period of time from a specified event, the general rule is that the day upon which the event happens is deemed the day from which the reckoning is made and said day is excluded in making the reckoning (see General Construction Law, § 20). Neither the context of the language of section 259-i of the Executive Law nor its general object indicates that a different computation method was intended. Consequently, section 259-i will be construed in accordance with so much of section 20 of the General Construction Law as excludes the day from which any specified period of time is reckoned from the reckoning (see General Construction Law, § 110). Therefore, we conclude, contrary to petitioner's contention, that in computing the 90-day statutory period, the day he waived his preliminary hearing is to be excluded from the computation. Accordingly, the final revocation hearing was timely, having been conducted on the last permissible date. Mollen, P. J., Weinstein, Rubin and Boyers, JJ., concur.