■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. WILLIE MACK, Appellant, v THEODORE C. REID, Respondent.—In a habeas corpus proceeding, petitioner appeals from a judgment of the Supreme Court, Dutchess County (Colabella, J.), dated June 20, 1984, which dismissed the proceeding and denied the writ.

Judgment affirmed, without costs or disbursements.

A habeas corpus proceeding is generally the appropriate vehicle to review parole revocation proceedings including the issue of whether a parolee has been denied his right to a prompt final parole revocation hearing (see, People v ex rel. Levy v Dalsheim, 66 AD2d 827, affd 48 NY2d 1019; People ex

*rel. Menechino v Warden,* 27 NY2d 376, 379; *People ex rel. Walker v New York State Bd. of Parole,* 98 AD2d 33; *People ex rel. Kellams v Henderson,* 58 AD2d 1022; *People ex rel. South v Hammock,* 80 AD2d 947). However, it is also well established "that the remedy of habeas corpus is available only to one who is entitled to immediate release from the custody he is challenging" *(People ex rel. Malinowski v Casscles,* 53 AD2d 954, *lv denied* 40 NY2d 809; *People ex rel. South v Hammock, supra).* Since petitioner was convicted pursuant to a judgment rendered September 23, 1983, which serves as an independent basis for his present incarceration, it is clear that habeas corpus relief is not available to petitioner *(People ex rel. Mendolia v Superintendent,* 47 NY2d 779; *People ex rel. South v Hammock, supra).* Accordingly, Special Term was correct in denying the writ.

Nor did Special Term err in denying the application of petitioner's counsel, made at the hearing on the writ, to convert the habeas corpus petition to a petition for relief under CPLR article 78. At the time of the habeas corpus hearing, petitioner had already been given a final parole revocation hearing, at which time the issue of the untimeliness of said hearing had been raised, and the Parole Board had reserved decision. Petitioner's remedy (as his counsel at the habeas corpus proceeding conceded) was to await that administrative determination and commence a timely proceeding pursuant to CPLR article 78 *(People ex rel. South v Hammock, supra; Matter of Piersma v Henderson,* 44 NY2d 982, *cert denied sub nom. Henderson v Majors,* 439 US 1088; *Matter of Smith v Chairman of N. Y. State Bd. of Parole,* 44 NY2d 982). Mangano, J. P., Rubin, Lawrence and Eiber, JJ., concur.