■ In the Matter of RALPH R. HALL, Appellant, v THOMAS A. COUGHLIN, III, as Commissioner of the New York State Department of Correctional Services, et al., Respondents.—In a habeas corpus proceeding, the appeal is from a judgment of the Supreme Court, Westchester County (Delaney, J.), entered January 8, 1987, which dismissed the proceeding.

Ordered that the judgment is affirmed, without costs or disbursements.

We have reviewed the record and agree with the petitioner's assigned counsel that there are no meritorious issues which could be raised on this appeal.

Since the petitioner would not be entitled to immediate release from the custody he is challenging, the habeas corpus proceeding was appropriately dismissed *(see, People ex rel. Mack v Reid,* 113 AD2d 962; *People ex rel. Kaplan v Commissioner of Correction of City of N. Y.,* 93 AD2d 768, *affd* 60 NY2d 648). The petitioner has made at least nine prior Federal and State postconviction applications seeking to overturn, on the ground of ineffective assistance of counsel, his convictions for murder and attempted murder, which convictions were affirmed in 1973 by the Appellate Division, First Department *(see, People v Hall,* 43 AD2d 816). All of these postconviction applications have been denied without a hearing on the merits. In at least two prior Federal proceedings, the State sustained its burden of proving prejudice by reason of the death of the petitioner's trial attorney and the petitioner's wife, both of whom were two essential rebuttal witnesses. As a result, controlling weight should be given to the denial of these prior applications for Federal habeas corpus relief *(see, Sanders v United States,* 373 US 1, 15; *Price v Johnston,* 334

US 266, 291-292; *United States v Romano,* 516 F2d 768, 771, *cert denied* 423 US 994). Accordingly, counsel's application for leave to withdraw as counsel is granted *(see, Anders v California,* 386 US 738; *People v Paige,* 54 AD2d 631; *cf., People v Gonzalez,* 47 NY2d 606).

We have reviewed the contentions raised in the appellant's supplemental *pro se* brief and find them to be without merit. Thompson, J. P., Brown, Weinstein and Rubin, JJ., concur.