■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. BOBBY GRAY, Respondent, v JAMES L. CAMPBELL, as Sheriff of the County of Albany, Respondent. NEW YORK STATE DIVISION OF

PAROLE, Appellant. [660 NYS2d 186] —Crew III, J. Appeal from a judgment of the County Court of Albany County (Breslin, J.), entered September 6, 1996, which granted petitioner's application, in a proceeding pursuant to CPLR article 70, and discharged petitioner.

On May 6, 1996, petitioner was served with a notice of violation and statement of charges detailing six parole violations, at which time petitioner waived his right to a preliminary hearing. Ultimately, a final parole revocation hearing was held, during the course of which the Division of Parole withdrew three of the six enumerated violations and an additional violation was dismissed by the Administrative Law Judge. Following the conclusion of the hearing on August 5, 1996, petitioner was found guilty of violating parole and a delinquent time assessment of 24 months was imposed. Petitioner thereafter commenced this habeas corpus proceeding seeking to be released from custody, contending that the final parole revocation hearing was not conducted in a timely fashion. County Court granted petitioner's application and this appeal by the Division of Parole ensued.*

There must be a reversal. In accordance with Executive Law § 259-i (3) (f) (i), "[r]evocation hearings shall be scheduled to be held within ninety days of the probable cause determination". Where, as here, the petitioner waives his or her right to a preliminary hearing, such waiver is equivalent to a probable cause determination for purposes of Executive Law § 259-i (3) (f) (i) (*see*, *People ex rel. Schneider v Warden of Ossining Correctional Facility*, 99 AD2d 792, 793; *Matter of Picciano v Hammock*, 92 AD2d 1043, *lv denied* 59 NY2d 606).

Here, petitioner waived his right to a preliminary hearing on May 6, 1996 and, excluding that date from the calculation of the 90-day period (*see*, General Construction Law § 20), the Division of Parole had until August 4, 1996 to complete the hearing. As August 4, 1996 fell on a Sunday, however, the Division of Parole had until the following day, August 5, 1996, to complete the hearing (*see*, General Construction Law § 25-a [1]; *Matter of Picciano v Hammock*, *supra*, at 1044; *cf.*, *People ex rel. Atkinson v Warden of Rikers Is. Correctional Facility*, 201 AD2d 271, 272). The record reveals that the hearing indeed was completed on August 5, 1996 and, thus, petitioner's contention that the hearing was untimely is lacking in merit. Accordingly, petitioner's habeas corpus petition must be dismissed.

Mikoll, J. P., Casey, Yesawich Jr. and Spain, JJ., concur.

---

* The Division of Parole's request for a stay pending appeal was granted by a Justice of this Court.

Ordered that the judgment is reversed, on the law, without costs, and petition dismissed.