OPINION OF THE COURT
J. Michael Bruhn, J.
This is an application for a writ of habeas corpus seeking release of the relator due to the failure to complete a final parole hearing within 90 days, the time alleged to be mandated for the completion of such hearings.
On or about April 5, 1996, the relator was sentenced by this court to an indeterminate sentence of two to four years as a parole supervision sentence. Pursuant thereto, the relator was *913 released from custody and commenced his parole. On December 4, 1997, relator was arrested and charged with three violations of parole. Relator waived a preliminary hearing and a final parole hearing was scheduled for January 15, 1998. On that date the Division of Parole requested an adjournment and, over objection of relator, it was granted to February 24, 1998.
On February 24, 1998, the final hearing was commenced at 3:05 p.m. On that date the Division of Parole called two witnesses, Robert Henry and Robert Keller, both of the Kingston Police Department. Due to the time of day, the cross-examination of Officer Keller could not be conducted at that time and was adjourned until March 10, 1998.
On March 10, 1998, Officer Keller was not available and the matter was further adjourned until March 17, 1998, for the continuation and conclusion of his testimony. The Division did present an additional witness on March 10, 1998, that being Detective Dennis Day of the Kingston Police Department.
On March 17, 1998, Officer Keller appeared and his examination was finished at that time. On that date, the Division also introduced into evidence an exhibit.
Relator’s claim is that the final revocation hearing was not completed within a 90-day period as provided for in Executive Law § 259-i (3) (f) (i).
Respondent opposes the application on the grounds that: (1) the petition was not verified; (2) the Division of Parole was not made a party; and (3) he is not entitled to immediate release and thus this court cannot proceed.
A proper verification was provided on the return date of the application making moot respondent’s first objection.
On that return date the respondent appeared by the Attorney-General of New York. The written return filed at that time indicated it was on behalf of the named respondent and the New York State Division of Parole. As the Division had not been served, the Attorney-General was given additional time to answer on behalf of it. By letter of March 17, 1998, the Attorney-General stated that it was authorized to appear for the Division. The Attorney-General requested and was granted until March 25, 1998 to submit on behalf of the Division. This rendered moot respondent’s second objection.
This brings us to the only real issue, that being the interpretation of Executive Law § 259-i (3) (f) (i) which provides: “Revocation hearings shall be scheduled to be held within ninety days of the probable cause determination. However, if an al *914 leged violator requests and receives any postponement of his revocation hearing, or consents to a postponed revocation proceeding initiated by the board, or if an alleged violator, by his actions otherwise precludes the prompt conduct of such proceedings, the time limit may be extended.”
In this instance it is agreed that the 90-day period expired March 4, 1998, and that the final revocation hearing started February 24,1998. It also appears that such hearing continued on March 10, 1998, and March 17, 1998, with the Division producing a witness on March 10, 1998, and a documentary exhibit on March 17, 1998. The relator objected to the adjournments and did nothing to bring himself within any of the exceptions stated in the statute.
This court is of the opinion that the 90-day time limit must be adhered to strictly, absent any of the statutory exceptions (People ex rel. Gray v Campbell, 241 AD2d 723 [3d Dept 1997]; Matter of Picciano v Hammock, 92 AD2d 1043 [3d Dept 1983]). As such, the petition is granted.