■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. RONALD MILLER, Appellant, v WILSON WALTERS, III, as Warden, Ossining State Prison, et al., Respondents. — In a habeas corpus proceeding, petitioner appeals from a judgment of the Supreme Court, Westchester County (Rubenfeld, J.), dated August 10, 1982, which dismissed the proceeding. Judgment reversed, on the law and the facts, without costs or disbursements, petition granted with prejudice, and petitioner restored to parole under the conditions heretofore in effect. Petitioner, who was paroled on February 19, 1981, was declared delinquent as of October 5, 1981 for absconding from supervision. On March 1, 1982, he was arrested in California for auto theft and on·that same date he telephoned his parole officer in Queens and informed of his current whereabouts. On March 4, 1982, petitioner was arraigned in the extradition part of the Superior Court, County of Los Angeles, on a New York parole violation warrant which had been lodged against him and bail was set. Five days later, on March 9, 1982, the California authorities received a waiver of extradition form which petitioner had signed as a condition of his release on parole, bail was revoked, and petitioner was remanded to await pickup by New York authorities. Petitioner was returned to New York on March 23, 1982, on which date he waived his right to a preliminary parole revocation hearing. Following a final parole revocation hearing held on May 19, 1982, petitioner's parole was revoked and he was returned to the custody of the Warden of the Ossining Correctional Facility, where he is presently incarcerated. Petitioner thereafter commenced

the instant proceeding, alleging that his constitutional rights were violated by the Board of Parole's failure to afford him a preliminary parole revocation hearing within 15 days after execution of the parole revocation warrant as required by section 259-i (subd 3, par [c], cl [i]) of the Executive Law. We agree. Petitioner was entitled to such a preliminary hearing within 15 days after the execution of the parole revocation warrant upon him if he were then subject to the convenience and practical control of the Board of Parole (*People ex rel. Gonzales v Dalsheim,* 52 NY2d 9, 13). The board has a "modest burden" of demonstrating that a parolee incarcerated in a sister State is not within its constructive custody (*People ex rel. Gonzales v Dalsheim, supra,* p 15). Here, it is undisputed that petitioner was not formally charged for auto theft. Thus, as of March 4, 1982, the day he was arraigned on the New York parole violation warrant, petitioner was being held subject to the convenience and practical control of the Board of Parole. The Board of Parole could have sent petitioner's waiver of extradition with the warrant; similarly, it could have sent its agents to return petitioner to New York prior to March 23, 1982. We find that under the circumstances of this case, the board has not met its burden. Accordingly, the judgment of Special Term is reversed, the writ of habeas corpus is sustained, and petitioner is restored to parole supervision under the conditions heretofore in effect. Damiani, J. P., O'Connor, Thompson and Bracken, JJ., concur.