■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. FRANCISCO HERRERA, Appellant, v NEW YORK STATE DIVISION OF PAROLE et al., Respondents. — In a habeas corpus proceeding seeking vacatur of a parole violation warrant and restoration to parole, petitioner appeals from a judgment of the Supreme Court, Westchester County (Burchell, J.), entered July 7, 1982, which dismissed the proceeding.

Judgment affirmed, without costs or disbursements. (See *People ex rel. Mendolia v Superintendent, Green Haven Correctional Facility,* 47 NY2d 779; *People ex rel. Martinez v New York State Bd. of Parole,* 56 NY2d 588.) Titone, J. P., Lazer, Mangano and Niehoff, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. COSWELL LATHAN, Appellant, v WARDEN, SING SING CORRECTIONAL FACILITY, et al., Respondents. — Appeal from a judgment of the Supreme Court, Westchester County (Rosato, J.) entered August 31, 1983, which dismissed the proceeding to restore petitioner to parole.

Judgment affirmed, without costs or disbursements.

Petitioner was not denied a timely preliminary parole revocation hearing as a result of the failure of the New York parole authorities to have him returned to New York immediately following the execution of a parole violation warrant in California because petitioner was beyond the convenience and practical control of the parole authorities (*People ex rel. Gonzales v Dalsheim,* 52 NY2d 9). The record established that the California authorities refused to conduct a preliminary parole revocation hearing. Furthermore, petitioner could not be returned to New York without formal extradition proceedings because California does not honor an advance waiver of extradition form which has been signed in New York as a condition of receiving parole in New York (*Matter of Klock,* 133 Cal App 3d 726). To the extent that this court in *People ex rel. Miller v Walters* (91 AD2d 647, revd on other grounds 60 NY2d 899) suggests the contrary, it is limited to its facts as presented in the record on appeal. Mollen, P. J., Titone, Thompson and Weinstein, JJ., concur.