■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES TERRY, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered August 5, 1977, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence. Judgment affirmed. The errors claimed are harmless in light of the overwhelming proof of defendant's guilt (see *People v Crimmins,* 36 NY2d 230). Damiani, J. P., Rabin, Gulotta and Cohalan, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEON WASSERBERGER, Appellant.—Judgment of the Supreme Court, Queens County, rendered September 7, 1977, affirmed (see *People v Archer,* 68 AD2d 441), and case remitted to the Supreme Court, Queens County, for further proceedings pursuant to CPL 460.50 (subd 5). Damiani, J. P., Suozzi, Lazer and Rabin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOSE MIRANDA, Appellant, v STEPHEN DALSHEIM, as Superintendent of the Ossining Correctional Facility, Respondent.—In a habeas corpus proceeding petitioner appeals from a judgment of the Supreme Court, Westchester County, entered August 30, 1978, which dismissed the proceeding. Judgment affirmed, without costs or disbursements. Petitioner waived a preliminary hearing on parole revocation charges on April 24, 1978. On July 17, 1978 (one day prior to the scheduled final revocation hearing) he signed a form indicating that he wished to be represented by an attorney at the hearing and consenting to a postponement "until such time that I can arrange for an attorney". Petitioner obtained a writ of habeas corpus on July 26, 1978 alleging that the final hearing had not yet been held and that his right to a speedy hearing had been violated. Special Term properly dismissed the proceeding. The record indicates that the final parole revocation hearing was originally scheduled within the 90-day period provided by statute (see Executive Law, § 259-i, subd 3, par [f], cl [i]). Since the hearing was adjourned at petitioner's request there was no violation of his right to a speedy hearing. Hopkins, J. P., Damiani, Titone and Margett, JJ., concur.