■ The People of the State of New York ex rel. Tyrone Sincento, Appellant, v New York State Board of Parole et al., Respondents.— Judgment unanimously affirmed. Memorandum: On July 18, 1977 petitioner was released on parole from an indeterminate sentence having a maximum of 12 years. On January 11, 1978 he was arrested for the crime of robbery. A notice of parole violation was issued to him on February 16, 1978 and a preliminary parole revocation hearing, which petitioner refused to attend, was held on March 16, 1978. The hearing officer found that there was probable cause to believe that petitioner had violated his parole. A final parole revocation hearing was scheduled for June 7, 1978 and the record demonstrates that petitioner again refused to attend. The hearing was adjourned to August 9, 1978, and on the adjourned date, when petitioner again refused to appear, the hearing nonetheless was conducted and petitioner was found to have violated parole. In this article 78 proceeding petitioner contends that the declaration of parole delinquency should be vacated because he was not afforded a timely final parole revocation hearing. Final parole revocation hearings "shall be scheduled to be held within ninety days of the probable cause determination" (Executive Law, § 259-i, subd 3, par [f], cl [i]). While a delay of the hearing beyond the statutory 90-day period is unreasonable per se *(People ex rel. Levy v Dalsheim,* 66 AD2d 827, affd 48 NY2d 1019), the time limit may be extended where an alleged violator, "by his actions otherwise precludes the prompt conduct of such proceedings" (Executive Law, § 259-i, subd 3, par [f], cl [i]). Petitioner's final parole revocation hearing was timely scheduled in conformity with the statute. The proceeding was adjourned to a date marginally beyond the 90-day period solely because of petitioner's absence. The adjournment had no purpose other than to afford petitioner a full opportunity to exercise his constitutional and statutory rights. Thus the minimal delay we see here was neither unreasonable nor in any way violative of due process. (Appeal from judgment of Cayuga Supreme Court—art 78.) Present—Dillon, P. J., Cardamone, Simons, Callahan and Witmer, JJ.