(June 17, 1981)

■ In the Matter of ROBERT H. SCHWARTZ, on Behalf of RALPH CLARK, Appellant, v WARDEN, NEW YORK STATE CORRECTIONAL FACILITY AT OSSINING et al., Respondents. — In a habeas corpus proceeding, the appeal is from a judgment of the Supreme Court (Dickinson, J.), dated April 14, 1981 and entered in Westchester County, which granted the petition to the extent of directing respondents to afford Ralph Clark a new final revocation hearing. Judgment reversed, on the law, without costs or disbursements, petition granted with prejudice and it is directed that Ralph Clark be restored to parole under the conditions heretofore in effect, and upon the further condition that he begin treatment at the Manhattan Alcoholism Rehabilitation Center under the proposed plan submitted. We conclude that it was error for the hearing officer to conduct the hearing *in absentia* based upon the hearsay statements of a correction officer that Clark refused to attend and had signed a waiver of appearance form. The purported written waiver of appearance was, in fact, a request for a one-month adjournment because Clark's attorney was not able to attend the hearing. There is nothing to suggest that this request was a dilatory tactic made in bad faith. A parolee's waiver of due process rights must be made knowingly and intelligently. *(People ex rel. Menechino v Warden, Green Haven State Prison,* 27 NY2d 376.) The totality of circumstances surrounding the purported waiver are to be considered to determine its validity. *(Johnson v Zerbst,* 304 US 458, 464.) A parolee who has notice of the final revocation hearing and refuses, without valid reason, to attend will be deemed to have waived his conferred rights. *(People ex rel. McFadden v New York State Div. of*

*Parole,* 79 AD2d 952; *People ex rel. Sincento v New York State Bd. of Parole,* 78 AD2d 574; see, also, *People v Epps,* 37 NY2d 343.) In the present case, Clark refused to attend the final revocation hearing without counsel. Previously, in a letter to the "Division of Parole", Clark made it known that he would be represented by counsel at the final revocation hearing. On the day before the hearing, a law assistant to Clark's attorney hand delivered a letter to the Board of Parole requesting an adjournment as counsel was out of town and needed time to prepare. On these facts it cannot be said that when Clark invoked his right to counsel and refused to attend the hearing due to the inability of his attorney to attend the hearing, he relinquished his rights. Had these facts been brought before the hearing officer instead of the misleading hearsay representations, the requested adjournment should have been granted. Instead, the hearing officer relied upon misinformation and thus the hearing was improperly conducted *in absentia.* A direction for a new hearing is not the proper remedy as the time period for a final revocation hearing has expired. (See Executive Law, § 259-i, subd 3, par [f], cl [i]; *People ex rel. Levy v Dalsheim,* 66 AD2d 827, affd 48 NY2d 1019.) Accordingly, the writ is sustained and petitioner is restored to parole status with the requested treatment conditions. (See *People ex rel. Johnson v New York State Bd. of Parole,* 71 AD2d 595.) Titone, J. P., Weinstein, Thompson and Bracken, JJ., concur.