■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. WALTER GRIFFIN, Appellant, v WILSON WALTERS, as Superintendent of Ossining Correctional Facility, et al., Respondents. — In a habeas corpus proceeding, petitioner appeals from a judgment of the Supreme Court, Westchester County (Gurahian, J.), entered October 23, 1980, which dismissed the petition and directed respondents to afford petitioner a new final revocation hearing. Judgment reversed, without costs or disbursements, and matter remitted to Special Term for further proceedings consistent herewith. There should be a hearing to determine whether petitioner was notified on February 20, 1980 to attend the final revocation hearing and declared his refusal to present himself, both allegations being denied under oath by the petitioner, and whether the petitioner waived his right to attend (see *People v Epps,* 37 NY2d 343; cf. *People ex rel. McFadden v New York State Div. of Parole,* 79 AD2d 952). The hearing officer erred in his determination to hold the hearing *in absentia* on the basis of the hearsay testimony of a parole officer, who testified that he had

been informed by another parole officer that the latter had previously notified the petitioner that the hearing was to be held on that day and that the petitioner declared his refusal to attend. A finding of a waiver of the constitutional right to attend a final revocation hearing requires legal proof and may not be founded on hearsay. If it be determined that petitioner intentionally refused to come to the hearing and thereby waived his right to attend, the determination of the Board of Parole should be upheld and the writ dismissed (see *People ex rel. Sincento v New York State Bd. of Parole,* 78 AD2d 574). If it be determined that petitioner did not waive such right, the writ should be sustained and the petitioner restored to parole status, inasmuch as a direction for such hearing to be conducted subsequent to the expiration of the time allowed by section 259-i (subd 3, par [f], cl [i]) of the Executive Law would be an inappropriate remedy (see *People ex rel. Levy v Dalsheim,* 66 AD2d 827, affd 48 NY2d 1019). Hopkins, J. P., Gibbons and Cohalan, JJ., concur.

Thompson, J., dissents and votes to modify the judgment by deleting the provision granting a new final revocation hearing, with the following memorandum, in which O'Connor, J., concurs: I cannot agree with the majority or with Special Term in the disposition of this matter. I would affirm the determination of the State Board of Parole that petitioner Griffin's parole should be revoked and would dismiss the petition for a writ of habeas corpus. I would not grant petitioner a new final revocation hearing. The record shows that the petitioner's attorney twice sought and received adjournments of the petitioner's final revocation hearing, properly extending the 90-day time period for such hearings. The attorney was advised to telephone before the next scheduled hearing date if a further extension should become necessary. The attorney made no such telephone call before petitioner's hearing date of February 20, 1980. The record also shows that a parole officer telephoned the attorney's office on the morning of the hearing to find out whether the attorney would be present. The parole officer was advised that the attorney would not attend because of a trial commitment. Significantly, the attorney and his office made no request for an adjournment or extension at that time. Also, on the morning of February 20, 1980, a correction officer reported that petitioner refused to attend the hearing. Although hearsay, this was admitted by the hearing officer. I do not find the testimony as to petitioner's refusal incredible. Far too often prisoners attempt tactics and strategies to exhaust the 90-day time period provided for such hearings, hoping to obtain a mandatory release. Petitioner in fact waived attendance, justifying the hearing officer's decision to hold the hearing in his absence. I do not believe the testimony as to petitioner's refusal is the only evidence of waiver in the record. The attorney's failure to telephone and failure to request a further extension also show a knowing disregard of procedures and regulations. As to the merits, I believe that the testimony at the hearing substantiates those charges which were not withdrawn and that parole revocation was the fair and inevitable result of the hearing.