■ In the Matter of WILLIE J. LOTT, Appellant, v HAROLD J. SMITH, as Superintendent of the Attica Correctional Facility, Respondent. — Judgment reversed and petition granted to the extent of dismissing parole revocation

warrant. All concur, Cardamone, J. P., not participating. Memorandum: Petitioner appeals from a judgment of the Supreme Court, Wyoming County, which dismissed his application for a writ of habeas corpus contesting the timeliness of his final parole revocation hearing. Petitioner's writ, which we now convert to a CPLR article 78 proceeding, was denied on the grounds that his request for counsel within the 90-day statutory period (Executive Law, § 259-i, subd 3, par [f], cl [i]) constituted a request for an adjournment which allocated any subsequent hearing delay to petitioner. On November 15, 1979, petitioner's parole was violated, based on his arrest on another charge. Probable cause to revoke parole was found in a preliminary hearing held December 18, 1979. On March 7, 1980 (10 days prior to the expiration of the mandatory 90-day period for conducting final parole revocation hearing pursuant to Executive Law, § 259-i, subd 3, par [f], cl [i]), petitioner met with an institutional parole officer to schedule his final revocation hearing. At that time he executed a form indicating his desire for representation by an attorney at the final revocation hearing and requested that "this hearing be put off until such time that I can arrange for an attorney." The hearing was then scheduled for the week beginning April 1, 1980. At the final hearing held on April 2, 1980, petitioner's parole was revoked as a result of his conviction on the other charge. Section 259-i (subd 3, par [f], cl [i]) of the Executive Law explicitly provides that: "Revocation hearings shall be scheduled to be held within ninety days of the probable cause determination". It further directs that the alleged violator "shall be given written notice of the date, place and time of the hearing as soon as possible but at least fourteen days prior to the scheduled date" (Executive Law, § 259-i, subd 3, par [f], cl [iii]). The mandates of the Executive Law are to be strictly construed (People ex rel. Levy v Dalsheim, 66 AD2d 827, affd 48 NY2d 1019). Failure to give an alleged violator timely written notice of the date, place and time of the hearing at least 14 days prior to the scheduled date as required by the statute renders invalid a purported final revocation hearing which has been held (People ex rel. Johnson v New York State Bd. of Parole, 71 AD2d 595). When the institutional parole officer met with petitioner on March 7, 1980 to schedule the final revocation hearing, it was not possible on such date for respondent Smith to comply with the 14-day notice provision of the statute (Executive Law, § 259-i, subd 3, par [f], cl [iii]). Petitioner's request for counsel does not cure this omission or extend the 90-day statutory period for conducting such hearing. Hence, the trial court erred in dismissing the petition. The petition is granted to the extent that the parole revocation warrant is vacated, petitioner's delinquency canceled and the Department of Corrections directed to recompute petitioner's sentence. (Appeal from judgment of Wyoming Supreme Court, Mintz, J. — habeas corpus.) Present — Cardamone, J. P., Callahan, Doerr, Denman and Schnepp, JJ.