OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed, without costs.
 

 Relator’s final parole revocation hearing was adjourned three times, at least two of the continuances being at relator’s request. On the 81st day, the hearing was held in the absence of relator who was attending a criminal trial. The hearing officer noted the proximity of the 90-day limit (see Executive Law, § 259-i, subd 3, par [f], cl [i]) and
 
 *590
 
 determined to “proceed
 
 in absentia,
 
 subject to the inmate’s rights of cross-examination at some later date, if he so desires.” Relator’s parole was revoked. His petition for a writ of habeas corpus was granted to the extent of ordering a new hearing.
 

 Relator argues that his right to due process was violated by his hearing
 
 in absentia
 
 and that, the 90-day period having expired, the only proper remedy is vacatur of the warrant. Inasmuch as there is no evidence of bad faith here by respondent, any shortcomings in the revocation hearing raise only a question of irregularity in the statutory procedures. Under the circumstances, there is no logical basis for holding that the warrant must be vacated merely because a new hearing could not be held within the 90-day limit. A new hearing adequately protects relator’s rights.
 

 Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur.
 

 Order affirmed, without costs, in a memorandum.