■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOSE HERRERA, Appellant, v PETER SCHAGER, as Warden, Rikers Island, et al., Respondents. — In a habeas corpus proceeding, petitioner appeals from a judgment of the Supreme

Court, Westchester County (Burchell, J.), dated August 7, 1981, which denied the petition and dismissed the writ. Matter remitted to Special Term to hear and report on whether petitioner voluntarily waived his right to be present at the final parole revocation hearing; in the interim the appeal is held in abeyance. Petitioner received written notice of a final parole revocation hearing to be held on April 1, 1981, but denies that he waived his right to attend the hearing. The hearing officer erroneously held the hearing in the petitioner's absence based upon hearsay testimony of a parole officer that another parole officer notified the petitioner on April 1, that the hearing was to be held. A finding of a voluntary and intelligent waiver of a constitutional right to attend a final parole revocation hearing requires legal proof and may not be founded on hearsay evidence. (*People ex rel. Griffin v Walters,* 83 AD2d 618.) A hearing is necessary to determine whether petitioner waived his right to attend his final parole revocation hearing. Mollen, P. J., Gulotta, Brown and Niehoff, JJ., concur.