OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be reversed, without costs, and the case remitted to Supreme Court for entry of judgment granting the petition, vacating the parole violation warrant, and restoring petitioner to parole on the conditions heretofore in effect,
 

 
 *938
 
 No timely notice, with accompanying necessary papers, was given to petitioner’s counsel prior to the final revocation hearing held on March 23, 1981, as mandated by section 259-i (subd 3, par [f], els [i], [in]) of the Executive Law and the regulations of the board (9 NYCRR 8005.18 [c]), and the time to hold such hearing expired immediately thereafter. Accordingly, the warrant should have been dismissed
 
 (People ex rel. Gonzales v Dalsheim,
 
 52 NY2d 9). Our holding in
 
 People ex rel. Martinez v New York State Bd. of Parole
 
 (56 NY2d 588) is distinguishable. In that case the requests by the parolee for continuances were responsible in part for the board’s inability to conduct a timely revocation hearing.
 

 Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur.
 

 On review of submissions pursuant to rule 500.2 (b) of the Rules of the Court of Appeals (22 NYCRR 500.2 [g]), order reversed, without costs, and matter remitted to Supreme Court, Nassau County, for entry of judgment in accordance with the memorandum herein.