■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOSE HERRERA, Appellant, v PETER SCHAGER, as Warden of Rikers Island, et al., Respondents. — In a habeas corpus proceeding, petitioner appeals from a judgment of the Supreme Court, Westchester County (Burchell, J.), dated August 7, 1981, which denied the petition and dismissed the writ. By order dated June 21, 1982, this court remitted the matter to Special Term to hear and report on whether petitioner voluntarily waived his right to be present at the final parole revocation hearing and, in the interim, held the appeal in abeyance (*People ex rel. Herrera v Schager,* 88 AD2d 983). Special Term (Wood, J.) has now complied with this court's order. Judgment reversed, on the law, without costs or disbursements, petition granted with prejudice, and petitioner is restored to parole under the conditions heretofore in effect. Based upon a stipulation entered into between counsel for the parties, it is now clear that petitioner never waived his right to be present at the final parole revocation hearing. Therefore, the writ should be

sustained and the petitioner restored to parole status. A direction that a new hearing be conducted would be an inappropriate remedy inasmuch as it would be contrary to the 90-day time limit for holding such a hearing (see Executive Law, § 259-i, subd 3, par [f]; *People ex rel. Levy v Dalsheim,* 66 AD2d 827, affd 48 NY2d 1019; see, also, *People ex rel. Griffin v Walters,* 83 AD2d 618). Mollen, P. J., Gulotta, Brown and Niehoff, JJ., concur.