■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. MELVIN ANDERSEN, Appellant, v NEW YORK STATE BOARD OF PAROLE et al., Respondents. — In a

habeas corpus proceeding, petitioner appeals from a judgment of the Supreme Court, Westchester County (Daronco, J.), entered July 23, 1982, which denied the petition and dismissed the writ. Judgment reversed, on the law, without costs or disbursements, petition granted, and petitioner is restored to parole status under the conditions heretofore in effect. On October 26, 1981, petitioner waived his right to a preliminary parole revocation hearing. A final parole revocation hearing was scheduled for January 21, 1982, which was 87 days after the waiver and within the 90-day period prescribed by statute (Executive Law, § 259-i, subd 3, par [f], cl [i]). However, Special Term found as fact, and it is undisputed on appeal, that petitioner did not receive the notice of the scheduled hearing, together with a copy of the report of the parole violation, until on or about January 15, 1982. Accordingly, respondents failed to comply with the 14-day notice requirement mandated by statute. Specifically, section 259-i (subd 3, par [f], cl [iii]) of the Executive Law provides as follows: "Both the alleged violator and an attorney who has filed a notice of appearance on his behalf in accordance with the rules of the board of parole shall be given written notice of the date, place and time of the hearing as soon as possible but at least fourteen days prior to the scheduled date." The mandates of the Executive Law are to be strictly construed (*People ex rel. Levy v Dalsheim*, 66 AD2d 827, affd 48 NY2d 1019). Failure to give an alleged violator timely written notice of the date, place and time of the hearing at least 14 days prior to the scheduled date, as required by the statute, renders invalid a purported final revocation hearing (*Matter of Lott v Smith*, 84 AD2d 909; *People ex rel. Johnson v New York State Bd. of Parole*, 71 AD2d 595). Under these circumstances, petitioner's request on January 21, 1982 for an adjournment, which was granted to February 8, 1982, in order to insure adequate preparation by counsel, did not cure this omission or extend the 90-day statutory period for conducting such a hearing (*Matter of Lott v Smith, supra; People ex rel. Rivera v New York State Div. of Parole*, 83 AD2d 918). Accordingly, Special Term erred in dismissing the writ (*Matter of Lott v Smith, supra; People ex rel. Rivera v New York State Div. of Parole, supra*). Damiani, J. P., Mangano, Gibbons and Niehoff, JJ., concur.