■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. EDDIE McGEE, Respondent, v WILSON E. J. WALTERS, as Superintendent of the Ossining Correctional Facility, et al., Appellants. — In a habeas corpus proceeding, the appeal is from a judgment of the Supreme Court, Westchester County (Leggett, J.), entered June 24, 1982, which sustained the writ and directed that the petitioner be restored to parole. Judgment affirmed, without costs or disbursements. In contested parole revocation proceedings, charging petitioner with, *inter alia,* absconding from parole supervision, the hearing officer, after a final parole revocation hearing, determined that petitioner had in fact absconded from parole supervision, and revoked his parole. At the final parole revocation hearing, the only evidence submitted in support of the charge was the "REPORT OF VIOLATION OF PAROLE". The parole officer who prepared that report was no longer employed by the New York State Division of Parole at the time of the parole revocation hearing, and was not called as a witness. Nor was any other material introduced in evidence to corroborate the allegations in the report. That report, which was prepared some months after the alleged violation occurred and after the parole officer concluded that petitioner was in fact in violation of parole, cannot be characterized as a business record (see CPLR 4518, subd [a]; *Lichtenstein v Montefiore Hosp. & Med. Center,* 56 AD2d 281, 285). Therefore, the charge that petitioner absconded from parole supervision was not supported by sufficient evidence to sustain revocation of his parole (see *People ex rel. Gambino v Warden of City Prison of City of N. Y.,* 43 AD2d 400). Mollen, P. J., Weinstein, Brown and Rubin, JJ., concur.

■ THE STATE OF NEW YORK ex rel. EMMANUEL VEGA, Appellant, v NEW YORK STATE DIVISION OF PAROLE et al., Respondents. — In a habeas corpus proceeding, based on the denial of the right to a timely final parole revocation hearing, petitioner appeals from a judgment of the Supreme Court, Queens County (Sherman, J.), dated March 10, 1983, which denied the petition. Judgment reversed, on the law, without costs or disbursements, petition granted with prejudice, and petitioner is restored to parole under the conditions heretofore in effect. Respondents failed to offer an acceptable excuse for failing to provide petitioner with a timely final parole revocation hearing. Damiani, J. P., Lazer, Thompson and Gulotta, JJ., concur.