■ In the Matter of SALVATORE AMATO, Appellant, v NEW YORK STATE BOARD OF PAROLE, Respondent. — In a proceeding pursuant to CPLR article 78 to review a determination revoking petitioner's parole, petitioner appeals from a judgment of the Supreme Court, Richmond County (Rubin, J.), dated February 22, 1983, which dismissed the proceeding. Judgment reversed, on the law, without costs or disbursements, petition granted, the determination revoking petitioner's parole is annulled and the declaration of delinquency is canceled. On July 29, 1981, petitioner, while an inmate at the Fishkill Correctional Facility, was served with notice of a final parole revocation hearing, to be held the next day, July 30, 1981. At that time, petitioner's parole officer asked him to sign a waiver of written notice which is required to be given at least 14 days prior to the scheduled date of the hearing (see Executive Law, § 259-i, subd 3, par [f], cl [iii]), but he refused. The following day, he was transported to Downstate Correctional Facility where the hearing was held, after which his parole was revoked. Special Term held that by attending the hearing, the petitioner waived his right to the 14-day notice. We disagree. This court has recently held that "[f]ailure to give an alleged violator timely written notice of

the date, place and time of the hearing at least 14 days prior to the scheduled date, as required by the statute, renders invalid a purported final revocation hearing" (*People ex rel. Andersen v New York State Bd. of Parole,* 94 AD2d 807, 808). Moreover, the fact that petitioner appeared at the hearing does not constitute a waiver of his right to receive the 14-day notice. Support for the conclusion that petitioner did not waive the failure to give timely notice is to be found in the fact that on the day before the hearing, petitioner, upon being presented by his parole officer with a written waiver of his right to receive the 14-day notice, refused to sign the same and instead wrote an "X" through the waiver. Upon his refusal to sign the waiver, the parole officer should have notified the Parole Board of the same, and had the scheduled hearing adjourned to a later date upon requisite notice. Mollen, P. J., Mangano, Thompson and Niehoff, JJ., concur.