THE PEOPLE OF THE STATE OF NEW YORK ex rel. REGINALD WALKER, Appellant, v NEW YORK STATE BOARD OF PAROLE et al., Respondents.

Second Department, December 19, 1983

### APPEARANCES OF COUNSEL

*William E. Hellerstein* and *Roger Brazill* (*Vivian Lazerson* of counsel), for appellant.

*Robert Abrams, Attorney-General* (*Barbara L. Linzer, Melvyn R. Leventhal, Gerald J. Ryan* and *Bridget E. Farrell* of counsel; *Ramona Goodman* on the brief), for respondents.

### OPINION OF THE COURT

TITONE, J. P.

At issue on this appeal is the proper allocation of the fact-finding function in parole revocation proceedings. More specifically, we are called upon to determine whether a parolee, who has been declared delinquent, is entitled to a judicial evidentiary hearing in which to litigate the merits of his claim that he had not been served with statutorily required notices before an otherwise timely scheduled administrative revocation hearing is conducted. We hold that when, as here, proper service is established, prima facie, by a parole officer's affidavit, judicial inter-

vention is not appropriate and the challenge must first be pursued in the administrative process.

Petitioner, Reginald Walker, was convicted of attempted rape in the first degree in the Supreme Court, Bronx County, and was sentenced to an indeterminate term of three to six years' imprisonment. Following his release on parole, he was declared delinquent and was taken into custody on January 3, 1983, at which time he waived a preliminary hearing.

On March 28, 1983, 84 days after a preliminary hearing had been waived, petitioner appeared before a hearing officer at a rescheduled final parole revocation hearing. The hearing officer advised him of his various rights, including the right to receive a copy of the violation report, the document that specifies the charges lodged against a parolee. After petitioner claimed that he had not received the report, the hearing was adjourned upon petitioner's request for counsel and the hearing officer expressly advised him that on the adjourned date his attorney could raise all arguments concerning the adequacy of the notice.

The next day, however, petitioner commenced this habeas corpus proceeding claiming that he was denied his statutory and due process rights in that he was not served with notice of the conditions of his parole which he was alleged to have violated and the manner in which they had been violated within three days of the execution of the parole warrant (Executive Law, § 259-i, subd 3, par [c], cl [iii]) and that he did not receive a final hearing within 90 days of his waiver of the preliminary hearing (Executive Law, § 259-i, subd 3, par [f], cl [i]). He argued that the March 28 adjournment was chargeable to the Parole Board due to its failure to serve him with a copy of the violation of parole report.[1]

Respondents alleged in their answer that petitioner was served with all necessary notices on the date that he was taken into custody and submitted an affidavit of the arresting parole officer to that effect.

Criminal Term, relying on the affidavit, dismissed the writ. On appeal, petitioner claims that the affidavit is hearsay and cannot rebut his allegation of lack of service.

---

1. We are told that the final hearing was rescheduled to take place on May 10, 1983.

The Attorney-General purports to confess error and requests a remand for an evidentiary hearing. We reject the concession (see *Sibron v New York*, 392 US 40, 58; *People v Berrios*, 28 NY2d 361, 366-367; cf. *Matter of Geneseo Cent. School [Perfetto & Whalen Constr. Corp.]*, 53 NY2d 306, 312, n 2; *Rentways, Inc. v O'Neill Milk & Cream Co.*, 308 NY 342, 349) and affirm.

Habeas corpus is, of course, an appropriate remedy for review of parole revocation proceedings (e.g., *People ex rel. Menechino v Warden*, 27 NY2d 376; *People ex rel. Van Fossen v Dillon*, 72 AD2d 166, 168) and will also lie when a final hearing is not scheduled to be held within the statutory period (see *State of New York ex rel. Vega v New York State Div. of Parole*, 96 AD2d 605; *People ex rel. Herrera v Schager*, 93 AD2d 847; *People ex rel. Levy v Dalsheim*, 66 AD2d 827, affd 48 NY2d 1019). In this case, however, the final hearing was scheduled within the statutory period and the adjournment for the purpose of obtaining counsel is chargeable against the petitioner (*People ex rel. Sloan v New York State Bd. of Parole*, 88 AD2d 666; *People ex rel. Miranda v Dalsheim*, 70 AD2d 941; *People ex rel. Kitt v Dalsheim*, 67 AD2d 934), unless proper notice of the charges has not been given (*People ex rel. Andersen v New York State Bd. of Parole*, 94 AD2d 807, 808; *Matter of Lott v Smith*, 84 AD2d 909, 910; cf. *Matter of Jackson v Hammock*, 82 AD2d 888).

A process server's affidavit of service has been held to create a prima facie case on the issue of service in civil litigation (see *Smid v Lombard*, 83 AD2d 877; *Orchard Park Cent. School Dist. v Orchard Park Teachers Assn.*, 50 AD2d 462, 468, app dsmd 38 NY2d 911; *Denning v Lettenty*, 48 Misc 2d 185, 186 [NUNEZ, J.]; Siegel, NY Prac, § 79, p 87; but see *Queensboro Leasing v Resnick*, 78 Misc 2d 919) and we think the same rule should be applicable in parole revocation proceedings. Since such proceedings possess the attributes of an administrative hearing rather than a criminal trial (*People ex rel. Piccarillo v New York State Bd. of Parole*, 48 NY2d 76, 80; *People ex rel. Maggio v Casscles*, 28 NY2d 415, 418; cf. *People ex rel. Matthews v New York State Div. of Parole*, 58 NY2d 196, 204), a hearing officer need not follow the strict rules of evidence

(*People ex rel. Pena v New York State Div. of Parole,* 83 AD2d 887, 888)[2] and there is no general requirement that "the board * * * produce live witnesses to corroborate hearsay violation reports" (*People ex rel. Gaskin v Smith,* 55 AD2d 1004, 1005). Moreover, the Supreme Court has cautioned that "the process should be flexible enough to consider evidence including letters, affidavits, and other material that would not be admissible in an adversary criminal trial" (*Morrissey v Brewer,* 408 US 471, 489; but see *People ex rel. Gambino v Warden,* 43 AD2d 400, 403; *People ex rel. McGee v Walters,* 96 AD2d 605, mot for lv to app granted 60 NY2d 556).

Petitioner's reliance upon *People ex rel. Herrera v Schager* (88 AD2d 983) and *People ex rel. Griffin v Walters* (83 AD2d 618) is misplaced. Both cases involved a waiver of presence and, therefore, the right to be heard at the parole revocation hearing itself. In such circumstances, a hearsay affidavit will not suffice.

In our view, the issue of whether petitioner received timely notice of the specified charges is a question of fact to be resolved at the parole revocation hearing. Respondents have established, prima facie, that timely service was made and petitioner will have a full opportunity to present rebutting evidence in the administrative process (cf. *Engel v Lichterman,* 95 AD2d 536; *Vita v Heller,* 97 AD2d 464; *Watt v New York City Tr. Auth.,* 97 AD2d 466). Should the issue be resolved against him, petitioner will then have an opportunity to obtain judicial review of that determination (see *People ex rel. Martinez v New York State Bd. of Parole,* 56 NY2d 588; *People ex rel. Gaskin v Smith, supra; People ex rel. Gambino v Warden, supra,* p 403; *People ex rel. Warren v Mancusi,* 40 AD2d 279).

■ Habeas corpus is designed to be a summary remedy and we do not believe it to be an appropriate vehicle to bypass administrative remedies when there are disputed factual issues present. Nor would it be a sound policy, in

---

**2.** To the extent that *Pena* holds that there must be a residuum of legal evidence to support the hearing officer's findings (citing *People ex rel. Wallace v State of New York,* 70 AD2d 781, app dsmd 48 NY2d 1025), we note that the legal residuum rule of *Matter of Carroll v Knickerbocker Ice Co.* (218 NY 435, 440) on which the court in *Wallace* relied, has been abrogated by the Court of Appeals (*Matter of Eagle v Paterson,* 57 NY2d 831, 833; *300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176, 180, n).

such circumstances, to permit a collateral attack upon a determination not yet made (cf. *People ex rel. Rosenthal v Wolfson,* 48 NY2d 230).

For the reasons stated, the judgment appealed from should be affirmed, without costs or disbursements.

LAZER, O'CONNOR and BOYERS, JJ., concur.

Judgment of the Supreme Court, Queens County, dated May 23, 1983, affirmed, without costs or disbursements.