■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. DOUGLAS VANDERBURGH, Appellant, v PHILLIP COOMBE, JR., as Superintendent of the Eastern New York Correctional Facility, Respondent. — Appeal from a judgment of the Supreme Court at Special Term (Vogt, J.), entered September 2, 1983 in Ulster County, which denied petitioner's application for a writ of habeas corpus, in a proceeding pursuant to CPLR article 70, without a hearing. ¶ Petitioner sought a writ of habeas corpus on the ground that his final parole revocation hearing (final hearing) was held in violation of the 90-day requirement of section 259-i (subd 3, par [f], cl [i]) of the Executive Law. The record reveals that although his final hearing was originally scheduled within the mandated 90-day period, this time limit was not satisfied because petitioner's attorney requested that the final hearing be adjourned until after petitioner's criminal charges were disposed of. Inasmuch as the delay occasioned by this request cannot be charged against the 90-day requirement (see, e.g., *Matter of Picciano v Hammock*, 92 AD2d 1043, mot for lv to app den 59 NY2d 606), it is apparent from the record that the hearing was held in a timely manner. ¶ Petitioner also argues that Special Term erred in granting respondent an extension of time in which to serve answering papers. Respondent states that the closing of the Attorney-General's office in Sullivan County necessitated the extension, and petitioner has failed to show any prejudice resulting from the extension. Accordingly, Special Term did not abuse its discretion in granting the extension (see, e.g., 2A Weinstein-Korn-Miller, NY Civ Prac, par 2004.04). Petitioner's contention that the 15-day requirement imposed by section 259-i (subd 3, par [c], cl [i]) was not complied with is an issue which was not raised in petitioner's moving papers at Special Term and, thus, need not be considered on this appeal. We note, though, that the failure to meet the 15-day requirement was caused by adjournments requested by petitioner and his attorney. Special Term's denial of petitioner's application must be affirmed. ¶ Judgment affirmed, without costs. Mahoney, P. J., Main, Weiss, Levine and Harvey, JJ., concur.