■ MILDRED G. MILLER, Individually and as Executrix of HERBERT G. MILLER, Deceased, Appellant-Respondent, v WALTER A. BITTERMAN et al., Respondents-Appellants, and ROBERT A. SMOLKA, Respondent.—Order unanimously affirmed, without costs, for reasons stated at Special Term, Kasler, J. (Appeals from order of Supreme Court, Erie County, Kasler, J. —summary judgment.) Present—Hancock, Jr., J. P., Callahan, Denman, Green and Schnepp, JJ.

■ In the Matter of RICHARD MAJKOWSKI, Appellant, v JOAN KULPA, Respondent.—Order unanimously affirmed, with costs. Memorandum: The only issue raised by petitioner is whether Family Court erred in refusing to terminate support for his daughter prior to her attaining the age of 21. The record shows that the daughter was unmarried and unemployed, lived on a farm with her mother and stepfather, helped with the farm chores, and received an allowance of $10 per week. We agree with Family Court that the proof does not establish that she was emancipated prior to her 21st birthday (*see generally,* Domestic Relations Law § 32 [3]; Family Ct Act § 413; *Gittleman v Gittleman,* 81 AD2d 632). (Appeal from order of Chautauqua County Family Court, Hartley, J.—terminate child support.) Present—Hancock, Jr., J. P., Callahan, Denman, Green and Schnepp, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. DWAYNE MOTT, Appellant, v JOHN KALAMANKA, as Sheriff of Cattaraugus County, et al., Respondents.—Judgment unanimously affirmed. Memorandum: County Court annulled the determination made after a preliminary parole revocation hearing because relator was not afforded the right to be represented at the hearing by an attorney. The sole question before us is whether the court properly directed a new hearing or whether it should have dismissed the parole violation warrant. Here, as in *People ex rel. Martinez v New York State Bd. of Parole* (56 NY2d 588), there is no indication that the parole authorities acted in bad faith to deny relator his right to a timely hearing. Hence, a new hearing will adequately protect his rights. (Appeal from judgment of Cattaraugus County Court, Horey, J.—habeas corpus.) Present—Dillon, P. J., Callahan, Boomer, Green and Schnepp, JJ.