■ In the Matter of FERNANDO MOULIER, Appellant, v HAROLD J. SMITH, as Superintendent of Attica Correctional Facility, Respondent.—Judgment unanimously affirmed. Memorandum: Petitioner appeals from a judgment which dismissed his CPLR article 78 petition alleging that his final parole revocation hearing was untimely. Petitioner was paroled in 1980. On April 15, 1983 a parole violation warrant was lodged for various violations including charges of murder and illegal possession of a weapon then pending against him. The Division of Parole scheduled a final parole revocation hearing for June 22, 1983, at which time petitioner requested an adjournment to obtain counsel. The hearing officer granted the adjournment on the following conditions:

"This means you will be placed on what is called a control calendar, for the purpose of seeking a lawyer and doing whatever else you feel is necessary to prepare you for your defense in this hearing.

"This means that from now, until such time as you get a lawyer, or you decide you want to go ahead without a lawyer, the time on the 90-day period will stop running. You will be appearing before a hearing officer solely for the purpose of explaining to him what steps you have taken to prepare yourself for getting a lawyer, and anything else you plan to do.

"You should bring to the hearing any letters from a lawyer, or any other communication you have from a lawyer.

"I am going to give you this long form which will explain in detail what the control appearance means. This is just for your information only. You can take it and read it when you get back to your quarters.

"This short form, which I am giving you, has been partially filled in for you.

"It is to be used in the event you get a lawyer. You fill in the lawyer's name, address, and telephone number at the bottom. You sign and date it.

"At the top you see the address to which you send it, which is the 40th Street Office of Parole, just address the envelope as in the circle I made at the top.

"However, if at some point you decide you want to go ahead without a lawyer, you check the bottom box instead of the top box and sign and date it and send it in to that address.

"Take a look at this and tell me if you have any questions.

"Do you understand everything?

"A. Yes, sir."

Thereafter, Control Calendar appearances were scheduled for August 15, September 19, October 19, November 16, December 21, 1983, January 25 and February 27, 1984. On each occasion, petitioner informed the hearing officer that he had not obtained counsel. At the January 25, 1984 appearance petitioner also informed the hearing officer that he had been convicted of murder in the second degree and sentenced to an indeterminate term of 18 years to life. Petitioner did not appear at a Control Calendar hearing scheduled for March 26, 1984 at the Downstate Correctional Facility because he was transferred to the Attica Correctional Facility on March 24th. Petitioner's file was reviewed by an Attica senior parole officer in April 1984 and a final parole revocation hearing was held on May 10, 1984.

Special Term held that respondents timely scheduled petitioner's final parole revocation hearing for June 22, 1983, 68 days after the probable cause determination, and that the time limit was extended by petitioner's repeated requests for adjournments. We agree.

Although final parole revocation hearings must be scheduled to be held within 90 days of the probable cause determination, "if an alleged violator requests and receives any postponement of his revocation hearing, or consents to a postponed revocation proceeding initiated by the board, or if an alleged violator, by his actions otherwise precludes prompt conduct of such proceedings, the time limit may be extended" (Executive Law § 259-i [3] [f] [i]; see also, 9 NYCRR 8005.17 [c] [3]). Where a parolee requests an adjournment to obtain counsel (see, People ex rel. Miranda v Dalsheim, 70 AD2d 941), or to await disposition of pending criminal charges (see, People ex rel. Vanderburgh v Coombe, 102 AD2d 951), the 90-day rule is extended, despite the indefinite period of the adjournment.

The Control Calendar procedure which petitioner challenges serves to protect the rights of parolees, not to diminish them. The calendar insures that the final revocation hearing will not be delayed unnecessarily and clarifies for the parolee that the adjournment is chargeable to him and not to the Division of Parole. At each appearance, the parolee is afforded the oppor-

tunity to inform the Division of Parole of the progress he has made or the difficulties he has confronted with regard to the reason for the adjournment he has requested. (Appeal from judgment of Supreme Court, Wyoming County, Dadd, J.—art 78.) Present—Dillon, P. J., Denman, Boomer, Green and O'Donnell, JJ.