■ The People of the State of New York ex rel. Joyce E. Smith, Appellant, v New York State Board of Parole et al., Respondents.—Judgment, Supreme Court, Bronx County (Burton G. Hecht, J.), entered on May 22, 1986, dismissing petitioner's petition for a writ of habeas corpus, unanimously reversed, on the law, the parole revocation warrant vacated, and petitioner restored to parole, without costs.

On April 14, 1984, petitioner was sentenced to an indeterminate term of 1¼ to 4 years' imprisonment pursuant to a judgment of conviction rendered in Supreme Court, New York County, convicting her of the crime of grand larceny in the third degree. She was released to parole supervision on November 24, 1985 with an original maximum expiration date of November 4, 1987.

On December 2, 1985, petitioner was arrested and charged with several crimes arising out of a jostling incident. Four days later, on December 6, 1985, she pleaded guilty to the

crime of attempted grand larceny and was sentenced to a one-year definite jail term.

On December 18, 1985, appellant was served with a notice of violation and violation of release report charging her with violating the conditions of her parole. She waived a preliminary hearing. A final local parole hearing was scheduled for January 30, 1986 but no hearing was held on that date and the matter was postponed. A similar postponement occurred on February 27. On the preceding day, February 26, a staff attorney for the Legal Aid Society filed a notice of appearance with respondent. On March 5, 1986 counsel received the violation of release report setting forth in detail the breaches of parole conditions lodged against petitioner arising from her above-mentioned arrest and conviction, together with notice of a March 12 scheduled hearing.

On that date petitioner and her attorney appeared at the scheduled hearing and interposed a threshold objection to respondent's failure to provide counsel with legally sufficient notice of the hearing, specifying in particular respondent's failure to provide her with a violation of parole report 14 days prior to the hearing. Based on this objection the Hearing Officer adjourned the matter until March 17, 1986, the 89th day after the preliminary hearing waiver, and attributing this adjournment to respondent.

When the adjourned hearing convened on March 17, 1986, petitioner's counsel again objected to respondent's failure to provide her counsel with 14 days' notice of hearing, inasmuch as counsel had received the violation of parole report only on March 5. Nonetheless, the hearing went forward over counsel's objection, and at the conclusion thereof, petitioner's parole was revoked and she was remanded to confinement.

Petitioner thereupon brought on this habeas corpus application which was dismissed by Criminal Term upon the ground that the notice furnished to counsel by respondent was sufficient under the circumstances of this case. We disagree and reverse.

Executive Law § 259-i (3) (f) (iii) provides that both the alleged parole violator and counsel "shall be given written notice of the date, place and time of the hearing as soon as possible but at least fourteen days prior to the scheduled date". While this refers only to the notice of hearing, respondent's own regulations provide that "[s]uch notice shall include a copy of the report of violation of parole" (9 NYCRR 8005.18 [c]). Such timely notice must be given "with accompa-

nying necessary papers" *(Matter of Williams v Hammock,* 57 NY2d 936, 938). Thus the first purportedly complete notice to counsel occurred here on March 3 when the report was mailed to her. However, since it was only received on March 5, the earliest possible date for satisfaction of the notice requirement would have been March 19, not March 17 when the hearing actually occurred.

Admittedly, respondent was on the horns of a genuine dilemma. To hold the hearing on March 19 would have violated another statutory requirement, namely, that a parole revocation hearing must be held within 90 days of a finding of probable cause or waiver thereof (Executive Law § 259-i [3] [f] [i]; 9 NYCRR 8005.17 [a]). Despite this latter time limitation, respondent should have resolved the issue by scrupulously honoring the notice provision and holding the hearing a day or two post the 90-day deadline, inasmuch as Executive Law § 259-i (3) (f) (i) allows for an extension of the 90-day period when it is the alleged violator who causes or consents to delay or "otherwise precludes the prompt conduct of such proceedings". Here it was the delayed notice of appearance filed by petitioner's counsel that gave rise to the close proximity of the time limit, and therefore it was the 90-day rule that should, and legally could have, been subordinated in favor of the mandatory minimum notice to counsel *(Matter of Moulier v Smith,* 115 AD2d 307, *lv denied* 67 NY2d 603; *see also, People ex rel. Miranda v Dalsheim,* 70 AD2d 941; *People ex rel. Venderburgh v Coombe,* 102 AD2d 951). The 14-day notice requirement, on the contrary, appears to be inviolate, and a departure from the rule renders the revocation proceedings nugatory *(Matter of Williams v Hammock, supra; People ex rel. Rivera v New York State Div. of Parole,* 83 AD2d 918; *People ex rel. Andersen v New York State Bd. of Parole,* 94 AD2d 807). This notice provision of the Executive Law must be strictly construed *(People ex rel. Levy v Dalsheim,* 66 AD2d 827, *affd* 48 NY2d 1019), and as noted in *People ex rel. Johnson v New York State Bd. of Parole* (71 AD2d 595, 596), "the appropriate remedy to rectify the statutory violation is vacatur of the parole revocation warrant and reinstatement of petitioner to parole."

Respondent argues that service upon counsel should be deemed effective on March 3 by invoking CPLR 2103 (b) (2) which specifies that service is complete upon mailing. However, this section further provides for an additional five days to respond for the benefit of the adverse party when service by mail is utilized. Respondent cannot take the icing of this

statute without the accompanying cake. Besides, this section of the CPLR has been held not to apply to administrative hearings *(Matter of Fiedelman v New York State Dept. of Health,* 58 NY2d 80).

Accordingly, petitioner was entitled to the relief sought, and the writ must be allowed. Concur—Carro, J. P., Asch, Rosenberger, Ellerin and Wallach, JJ., concur.