■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. WALTER CAMPBELL, Appellant, v ANDREW P. MELONI, as Monroe County Sheriff, et al., Respondents.—Judgment unanimously reversed on the law and petition granted. Memorandum: Relator was served with notice of violation of his parole on July 3, 1987. The notice informed relator that a preliminary hearing was scheduled for July 13, 1987 and that a final hearing was scheduled for September 14. The final hearing was conducted as scheduled and, based on relator's plea of guilty and the recommendation of the Administrative Law Judge, the Parole Board sustained 4 of the 7 charges and ordered relator held for 6 months on his undischarged sentence of 16 months. On October 2, 1987 relator's counsel was notified by telephone of the need for a second final hearing on October 5. Counsel was informed that the first hearing was legally insufficient because the Parole Board had failed to make a declaration of delinquency (see, Executive Law § 259-i [3] [d] [i]). Written notice of the October 5 hearing was sent on October 2 and received by relator's attorney on the morning of October 5. Relator appeared with counsel and was advised that he would be allowed the "opportunity for a new hearing." Counsel objected to the lack of 14 days' notice and also indicated that she would not waive relator's right to a final hearing within 90 days of the preliminary hearing. The Administrative Law Judge ruled that the July 3 notice adequately advised relator of the October 5 hearing. Relator requested and was granted an adjournment. The second final hearing was conducted on October 26, 1987. Relator withdrew his prior plea of guilty to four charges, testimony was received on all seven charges against him, the seven charges were sustained, and relator was ordered held for the 15-month remainder of his undischarged sentence. Relator brought this habeas corpus petition seeking his release based on respondent's failure to give him 14 days' notice of the final hearing as required by Executive Law § 259-i (3) (f) (iii), and to hold the final hearing within 90 days of the preliminary hearing as required by Executive Law § 259-i (3) (f) (i). The court denied the petition. We reverse.

Initially, we reject the contention that the notice of violation served on relator on July 3 gave him notice of the final hearing in October. The July 3 notice referred only to the September 14 scheduled date of the first final hearing and did not give notice of the second final hearing subsequently scheduled for October 5. Relator did not receive notice of the second final hearing until October 2 and did not receive written

notice until the morning of the hearing itself. It is thus impossible to conclude that relator received 14 days' notice of the scheduled October 5 hearing *(see, Matter of Williams v Hammock,* 57 NY2d 936, 938; *Matter of Lott v Smith,* 84 AD2d 909, 910).

We also reject respondent's contention that the October hearing was merely a reopening or rescheduling of the September hearing. The first final hearing was treated as a nullity by all parties, the October hearing consisted of a complete rehearing of the charges against relator, and, as a result of that second hearing, relator was subjected to a different punishment from that ordered after the first hearing.

Since the second final hearing was a hearing de novo, we must conclude that it was not timely. Executive Law § 259-i (3) (f) (i) requires that a final hearing be scheduled within 90 days of the preliminary hearing. If the hearing had been held on October 5, it would have been within 90 days of July 13. However, because of the lack of sufficient notice, October 5 was an impermissible hearing date *(see, Matter of Lott v Smith, supra).* The earliest date on which the final hearing could have been scheduled in conformity with the notice requirement was October 16. Since that date was not within 90 days of July 13, it was impossible for respondents both to comply with the 14-day notice provision and yet schedule the hearing within 90 days of the preliminary hearing *(see, Matter of Lott v Smith, supra).* Respondents' failure to give relator timely written notice of the final hearing, combined with the impossibility of scheduling such hearing within 90 days of the preliminary hearing, renders the final revocation hearing invalid. (Appeal from judgment of Monroe County Court, Marks, J.—habeas corpus.) Present—Doerr, J. P., Denman, Pine, Balio and Davis, JJ.