THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOEL GONZALEZ, Appellant, v WARDEN OF NEW YORK CORRECTIONAL INSTITUTION FOR MEN et al., Respondents.—Judgment, Supreme Court, Bronx County (Burton G. Hecht, J.), entered December 6, 1988, dismissing the petition for a writ of habeas corpus, unanimously affirmed, without costs.

Relator was sentenced to an indeterminate term of imprisonment on November 7, 1987, and on February 12, 1988, released on parole. On September 2, 1988 he was arrested on a parole warrant; on the same day, he signed a waiver of his right to a preliminary hearing.

In his petition for a writ of habeas corpus, relator initially attacked the parole proceedings on the ground that he had not been served with a notice of violation (9011) form or any other written notice of the time, place and purpose of the preliminary hearing. Relator also claimed that his right to a timely preliminary parole revocation hearing had been violated. In its answer, respondent Division of Parole included as exhibits, *inter alia,* an affidavit of personal service of the 9011 form upon relator and a copy of the 9011 containing his waiver of the preliminary hearing. In his reply, relator conceded service

but claimed that the waiver was invalid because he did not understand English and communicated in Spanish only. In response to this new argument, respondent submitted the affidavit of Parole Officer Cruz attesting to his explanation, in Spanish, of the parole revocation process to relator and of relator's options and his waiver of the preliminary hearing. Respondent also annexed papers showing that relator had been the subject of a recent parole violation proceeding, and evidencing his familiarity with the revocation process.

Although the writ court was inclined to grant relator a new preliminary hearing in the interests of justice, his counsel rejected any such offer. The court denied relator a fact-finding hearing on the waiver issue, finding that relator, who was familiar with such proceedings, had been advised of his rights and options in Spanish.

Preliminarily, we reject respondent's contention that the appeal should be dismissed because no judgment was entered. The judgment roll includes a short-form judgment, albeit unsigned, dismissing the writ and containing the notation, "see opinion." Thus, any defect in the form of the judgment can be overlooked. As to the merits, the writ was properly dismissed without a hearing on the question of waiver, which was an obvious afterthought on relator's part. The most that relator could have achieved, even if he had succeeded after a fact-finding hearing, would have been a new preliminary hearing. Thus, relator's rejection of the offer of a preliminary hearing stands in the way of now granting him a hearing on the issue of waiver, even if such were warranted. While any new preliminary hearing would not have been held within the statutorily prescribed time period, "there is no logical basis" on this record to hold that such a hearing would not have protected relator's rights. (Cf., People ex rel. Martinez v New York State Bd. of Parole, 56 NY2d 588, 590.) Concur—Sullivan, J. P., Carro, Rosenberger, Ellerin and Rubin, JJ.