OPINION OF THE COURT
David D. Egan, J.
This is a writ of habeas corpus for an order releasing petitioner from the custody of respondents and his restoration to parole supervision.
*115 Petitioner Shawn Hawkins is held in the Monroe County Jail solely on a parole detainer.
The final parole revocation hearing was held on October 15, 1990. The petitioner’s attorney objected to the testimony of Leonard DeFazio, petitioner’s supervising parole officer. The basis of the objection was that the petitioner was not notified that Mr. DeFazio would testify at the hearing. The Administrative Law Judge overruled the objection; petitioner’s counsel took an exception and the parole officer testified.
Title 9 of the New York Codes, Rules and Regulations states in pertinent part:
"8005.18 Notice of final revocation hearings, (a) The alleged violator and an attorney who has filed a notice of appearance shall be given written notice of the date, place and time of the hearing as soon as possible, but at least 14 days prior to the scheduled date of the hearing. * * *
"(c) Such notice shall include a copy of the report of violation of parole and shall identify such other documents and information that are intended to be entered into evidence and such witnesses as may be presented at the final revocation hearing.”
It is uncontradicted that the parole officer was not listed as a witness to be presented at the final revocation hearing in the notice to petitioner of the final revocation hearing.
It is well established that the duly promulgated rules of an administrative agency are binding upon the agency. (Matter of Frick v Bahou, 56 NY2d 777, 778 [1982]; Matter of Sinclair v Smith, 97 AD2d 953 [4th Dept 1983].) "An administrative agency acts arbitrarily and capriciously when it fails to conform to its own rules and regulations” (Matter of Era Steel Constr. Corp. v Egan, 145 AD2d 795, 799 [3d Dept 1988]).
"[I]t is also axiomatic that an agency is bound by the language of its own regulation and cannot construe it in such a manner that the plain language on the face of the regulation is rendered meaningless” (Matter of Grace Plaza v Axelrod, 121 AD2d 799, 801 [3d Dept 1986]; Matter of Duflo Spray-Chemical v Jorling, 153 AD2d 244, 247 [3d Dept 1990]).
The language of the regulation at issue here is clear and imperative. "Such notice * * * shall identify * * * such witnesses as may be presented at the final revocation hearing” (9 NYCRR 8005.18 [c]). This plain language makes no exception for parole officers or anyone else.
The mere fact that the parole officer’s name appears on *116 several of the documents provided to the petitioner and his counsel does not satisfy the requirement of the regulation. The parole officer’s testimony should not have been received at the hearing and without such testimony, there was insufficient evidence to support the determination that the petitioner had violated his parole.
The warrant and parole detainer herein are vacated, and the petitioner is restored to parole on the conditions heretofore in effect. (See, People ex rel. Smith v Board of Parole, 131 AD2d 401 [1987]; People ex rel. Johnson v Board of Parole, 71 AD2d 595, 596 [1979].)
The Monroe County Sheriff is directed to release the petitioner Shawn Hawkins forthwith on this matter.