■ GEORGE OWENS et al., Respondents, v MELVIN TOMPKINS et al., Appellants and Third-Party Plaintiffs. APOLLO STEEL CORPORATION, Third-Party Defendant-Appellant.—Order unanimously affirmed with costs for reasons stated in decision at Supreme Court, Fallon, J. (Appeal from Order of Supreme Court, Niagara County, Fallon, J.—Summary Judgment.) Present—Doerr, J. P., Boomer, Green, Pine and Davis, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. MARK CRUZ, Appellant, v FREDERICK N. RICHARDSON, as Superintendent of Cayuga Correctional Facility, et al., Respondents.— Judgment unanimously affirmed. Memorandum: After a final parole revocation hearing, petitioner was found to have violated a condition of his parole release, his parole was revoked and he was ordered held for eight months before further consideration for parole release. Petitioner now appeals from a judgment dismissing his petition seeking habeas corpus relief and annulment of the revocation of his parole.

Under the circumstances of this case, the dismissal of the criminal charges against petitioner did not collaterally estop the Parole Board from revoking his parole based on the same conduct (see, People ex rel. Matthews v New York State Div. of Parole, 58 NY2d 196; People ex rel. Thompson v Smith, 101 AD2d 690; People ex rel. Pickett v Ruffo, 96 AD2d 128; cf., People ex rel. Dowdy v Smith, 48 NY2d 477).

Additionally, where, as here, the Attorney-General was not advised that the scheduled return date of the petition was July 23, 1990 until that date, in the absence of a showing of prejudice to petitioner, Supreme Court did not abuse its discretion in granting a four-day extension of time for respondents to serve their Return (see, People ex rel. Vanderburgh v Coombe, 102 AD2d 951).

We have considered petitioner's remaining arguments raised on appeal and find them to be without merit. (Appeal from Judgment of Supreme Court, Cayuga County, Contiguglia, J.—Habeas Corpus.) Present—Dillon, P. J., Callahan, Balio, Lawton and Davis, JJ.