■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. JAMES McDANIEL, Appellant, v BRION D. TRAVIS, as Chairman of New York State Board of Parole, et al., Respondents. [734 NYS2d 751] —Judgment unanimously affirmed without costs. Memorandum: Relator was released to parole supervision on May 13, 1999 and on June 24, 1999 was served with a notice of violation and violation of release report for his failure to attend a sex offender counseling program. Following a final parole revocation hearing, the Administrative Law Judge (ALJ) recommended that relator be incarcerated for 2½ years. The Commissioner of the Division of Parole, however, sentenced relator

to incarceration until his maximum expiration date. Relator filed this habeas corpus petition seeking vacatur of the parole warrant and restoration to parole supervision, alleging that his due process right to confront witnesses was violated by the ALJ's ex parte communication with a potential witness. Supreme Court did not grant the relief requested by relator, but ordered a new final parole revocation hearing to be held before a different ALJ. Relator moved to reargue, contending that the court should have vacated the parole warrant because his due process rights were violated. The court granted reargument and, upon reargument, dismissed the petition based on the failure of relator to exhaust his administrative remedies by pursuing an administrative appeal from the final parole revocation determination. In addition, the court denied the petition on the ground that the proper remedy for the due process violation was a new hearing rather than restoration to parole supervision, and the Division of Parole subsequently had *sua sponte* granted a new final parole revocation hearing before a different ALJ, thereby affording relator all the relief to which he was entitled.

Relator appeals from the court's initial judgment (denominated order) and has failed to appeal from the judgment (denominated order) granting reargument, which superseded the initial order (*see, Loafin' Tree Rest. v Pardi* [appeal No. 1], 162 AD2d 985). We nevertheless exercise our discretion to deem the notice of appeal to be from the second judgment (*see,* CPLR 5520 [c]; *Pol-Tek Indus. v Panzarella,* 227 AD2d 992).

The court properly dismissed the petition on the ground that relator failed to exhaust his administrative remedies where, as here, the alleged constitutional error could have been remedied in the administrative appeal process (*see, People ex rel. Scott v Babbie,* 248 AD2d 909, 910, *lv denied* 92 NY2d 803; *Matter of Boyer v Chairman, New York State Parole Bd.,* 199 AD2d 584). In any event, the court also properly denied the petition on the merits. Relator contends that his right to due process was violated by the ALJ's ex parte communication with a potential witness and that the proper remedy is dismissal of the parole violation warrant rather than a new hearing because a new hearing would be untimely (*see,* Executive Law § 259-i [3] [f] [i]). Where, as here, there is no indication that the ALJ acted in bad faith in order to deny relator his right to a timely hearing, the proper remedy is a new hearing rather than restoration to parole supervision (*see, People ex rel. Mott v Kalamanka,* 112 AD2d 720; *see generally, People ex rel. Martinez v New York State Bd. of Parole,* 56 NY2d 588, 590). (Appeal from

Judgment of Supreme Court, Erie County, Fahey, J.—Habeas Corpus.) Present—Pine, J. P., Hayes, Hurlbutt, Kehoe and Lawton, JJ.