*542 Order, Supreme Court, Bronx County (Nelson S. Roman, J.), entered May 27, 2009, which, in this CPLR article 78 proceeding, granted the application seeking to annul respondent’s determination to revoke petitioner’s parole and directed that petitioner’s parole be reinstated, unanimously affirmed, without costs.
The record shows that at the final parole revocation hearing, petitioner was notified that respondent had procured a witness that would testify against him and that his counsel had failed to procure a witness and documents that he believed would be favorable to his defense. Petitioner expressed dissatisfaction with his representation and requested new counsel. Upon being informed that the hearing would be going forward, petitioner, who had a history of seizures, became ill and was subsequently taken to the hospital. Prior to being taken to the hospital, petitioner requested an adjournment, but the request was denied as the Administrative Law Judge believed petitioner was feigning illness, and the hearing was held in the absence of both petitioner and his attorney. At the conclusion of the hearing, the charges against petitioner were sustained and his parole was revoked.
Under the circumstances presented, Supreme Court properly granted the petition on the basis that petitioner did not voluntarily, knowingly and intelligently waive his right to be present at the hearing. A parolee’s right to be present and be heard at a parole revocation hearing is a fundamental due process right (see Morrissey v Brewer, 408 US 471, 488-489 [1972]), protected by statute (see Executive Law § 259-i [3]), and the proper remedy for holding the hearing in absentia is a restoration to parole status (see People ex rel. Herrera v Schager, 93 AD2d 847 [1983]; Matter of Schwartz v Warden, New York State Correctional Facility at Ossining, 82 AD2d 870 [1981]). Contrary to respondent’s argument that the appropriate remedy for holding this parole revocation hearing in petitioner’s absence is a new hearing, any new hearing would be held beyond the 90-day period proscribed for such a hearing by Executive Law § 259-i (3) (f) (i) (see Matter of Schwartz, 82 AD2d at 871), and there is no evidence in the record of any prior delay attributable to petitioner (cf. People ex rel. Martinez v New York State Bd. of Parole, 56 NY2d 588, 590 [1982]). Concur—Sweeny, J.P., Buckley, DeGrasse, Freedman and Abdus-Salaam, JJ.