■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HENRY SURACI, Appellant.—Appeal by defendant (by permission) from an order of the County Court, Nassau County, dated May 27, 1980, which denied his motion to vacate a judgment of the same court, rendered August 20, 1974, which, upon a plea of guilty, convicted him of attempted burglary in the third degree and imposed sentence. Order affirmed. The Judge presiding at the plea proceeding promised that he would impose a sentence on defandant which would run concurrently with a previously imposed sentence. He did not condition this promise on a presentence report. After receiving the report the Judge offered to allow defendant to withdraw his plea or accept a consecutive sentence. The defendant took the second option. In our view the Judge's failure to condition the sentence promise on a presentence report did not preclude him from withdrawing the promise after he received the report (see *People v Selikoff*, 35 NY2d 227, cert den 419 US 1122). The information contained within such report was such as to justify the withdrawal of the promise. Finally, the fact that defendant was induced to name his codefendant at the time he entered his plea does not constitute such a change of position as to entitle him to specific performance of the plea bargain (cf. *People v McConnell*, 49 NY2d 340) under the facts and circumstances of this case, inasmuch as defendant had previously revealed his codefendant's name to the District Attorney in a written statement. Lazer, J. P., Gibbons, Gulotta and Cohalan, JJ., concur.

**44** THE PEOPLE OF THE STATE OF NEW YORK ex rel. ROBERT FELDT, Appellant, v SHERIFF OF ORANGE COUNTY et al., Respondents.—In a habeas corpus proceeding, petitioner appeals from a judgment of the Supreme Court, Orange County, dated February 4, 1980, which denied his application. Judgment affirmed, without costs or disbursements. The Board of Parole complied with the statute (Executive Law, § 259-i, subd 3, par [f], cl [i]) by scheduling a revocation hearing within 90 days of the determination of probable cause. The fact that the final decision of the board, which modified the hearing officer's recommendation, was not rendered until more than one month later, did not violate the statutory requirement. Damiani, J. P., Titone, Cohalan and Weinstein, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. TERRANCE GREEN, Appellant, v STEPHEN DALSHEIM, as Warden of Ossining Correctional Facility, et al., Respondents.—Appeals by petitioner from two orders of the Supreme Court, Westchester County, the first entered September 19, 1979, which dismissed his petitions for article 78 relief and a writ of habeas corpus, and the second, entered November 20, 1979, which denies his motion to renew. Order entered September 19, 1979 affirmed, without costs or disbursements. Order entered November 20, 1979 reversed, without costs or disbursement, and the motion to renew is referred for disposition to Mr. Justice Dachenhausen (CPLR 2221). There is no merit to petitioner's claim that the Board of Parole is required to reveal to him the name of the member of the board who reviewed the findings of the hearing officer presiding at the final revocation hearing (see *People ex rel. Lambertis v New York State Bd. of Parole*, 72 AD2d 694; *People ex rel. Johnson v New York State Bd. of Parole*, 75 AD2d 550). Hopkins, J. P., Lazer, Gibbons and Gulotta, JJ., concur.