■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. JAMES CAMBARERI, Respondent, v CHARLES J. SCULLY, as Superintendent of Green Haven Correctional Facility, et al., Appellants. — In a habeas corpus proceeding to restore petitioner to parole status, the appeal is from a judgment of the Supreme Court, Dutchess County, dated September 22, 1980, which granted the petition. Judgment reversed, on the law, without costs or disbursements, and petition is dismissed. The Board of Parole complied with the relevant statute (Executive Law, § 259-i, subd 3, par [f], cl [i]), by scheduling a parole revocation hearing within 90 days of the determination of probable cause. Contrary to the determination of Special Term, the fact that the decision of the board, which found that petitioner had violated the conditions of his release, was not rendered until August 25, 1980, which was 33 days after the revocation hearing and 104 days after the determination of probable cause, did not violate the statutory requirement (cf. *People ex rel. Feldt v Sheriff of Orange County,* 79 AD2d 716). Moreover, under the circumstances, it does not appear that the delay of 33 days between the revocation hearing and the final determination of the board revoking parole (during which the hearing officer's report was prepared and delivered to the board) was so extensive as to present a problem of constitutional dimensions. Mollen, P.J., Hopkins, Titone and Weinstein, JJ., concur.

## (February 19, 1981)

■ In the Matter of EUGENE F. MASTROPIERI, an Attorney and Counselor at Law. — Motion by Eugene F. Mastropieri, an attorney and counselor at law, who was convicted in the United States District Court for the Eastern District of New York, on a jury's verdict on January 9, 1981, of violating the laws of the United States (US Code, tit 18, §§ 2, 371; tit 26, § 7201) to stay his suspension from the practice of law pending determination of the appeal from said conviction and pending determination of any disciplinary proceedings now pending against him or to be instituted against him in this court. The Grievance Committee for the Second and Eleventh Judicial Districts cross-moves to immediately suspend Eugene F. Mastropieri from the practice of law upon his conviction for a serious crime and to authorize the institution of a disciplinary proceeding against him on the charges for which he was convicted and on any other charges which may come to the attention of the committee. Motion denied. Cross motion granted. Eugene F. Mastro-

pieri was automatically suspended effective January 20, 1981, the date that his conviction was filed with this court (Judiciary Law, § 90, subd 4, par f) and said suspension is continued until further order of this court. The Grievance Committee for the Second and Eleventh Judicial Districts is authorized to prosecute a proceeding based on the charges upon which he was convicted and to bring a supplemental petition on any other charges which have come or which may come to its attention. Frank A. Finnerty, Jr., Esq., Chief Counsel to the Grievance Committee for the Second and Eleventh Judicial Districts, Suite 1200, Municipal Building, Brooklyn, New York, is hereby appointed as attorney for the petitioner in such proceeding. The allegations set forth in the criminal prosecution and the issues which may be raised in any subsequent petition and answer thereto are referred to Hon. Mario Pittoni, a retired Justice of the Supreme Court, Nassau County, of 51 Watts Place, Lynbrook, New York 11563, as Special Referee, to hear and to report with his findings upon each of the issues. Hopkins, J.P., Damiani, Lazer, Gibbons and Rabin, JJ., concur.