■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. ELLIOT HASKINS, Appellant, v WILSON WATERS, as Superintendent of Ossining Correctional Facility, Respondent. — In a habeas corpus proceeding, petitioner appeals from a judgment of the Supreme Court, Westchester County (Gurahian, J.), dated October 21, 1980 dismissing his petition. Judgment affirmed, without costs or disbursements. There is no merit to the petitioner's argument that his constitutional due process rights were violated because he did not receive the decision on the revocation hearing within 90 days of the date when the determination of probable cause of a parole violation was made. Section 259-i (subd 3, par [f], cl [i]) of the Executive Law provides that revocation hearings "shall be scheduled to be held within ninety days of the probable cause determination." The hearing in this case was held within the 90-day period. There is no requirement that the decision on the hearing be received by the parolee within the 90-day period. (See *People ex rel. Cambareri v Scully,* 80 AD2d 625; *People ex rel. Feldt v Sheriff of Orange County,* 79 AD2d 716.) Likewise there is no merit to the petitioner's argument that the notice given him of the hearing was defective because he received only six days' notice of the adjourned date of the hearing. The petitioner was given 14 days' notice of the date of the originally scheduled hearing. There is no requirement in section 259-i (subd 3, par [f], cl [iii]) of the Executive Law that at least 14 days' prior notice be given for a rescheduled or adjourned final parole revocation hearing. Gulotta, J. P., Thompson, Brown and Niehoff, JJ., concur.