■ DOMINIC GIAMBATTISTA, Respondent, v LUCILLE GIAMBATTISTA, Appellant. (Appeal No. 2.) — Order unanimously reversed and motion granted. Same memorandum as in *Giambattista v Giambattista* (Appeal No. 1) (89 AD2d 1057). (Appeal from order of Supreme Court, Onondaga County, McLaughlin, J. — vacate judgment.) Present — Dillon, P. J., Simons, Callahan, Boomer, and Schnepp, JJ.

■ FRANI NEWMAN, Respondent, v MATTHEW E. NEWMAN, Appellant. (And Another Action.) — Order unanimously affirmed, with costs. Memorandum: This is an appeal from an order which granted temporary child support. Absent compelling circumstances, parties to a matrimonial action should not seek review of an order for temporary support. The best relief is a speedy trial, and nothing in this case justifies departure from this rule (see *Kunerth v Kunerth,* 58 AD2d 1010, and cases cited therein). (Appeal from order of Supreme Court, Oneida County, Stone, J. — child support.) Present — Dillon, P. J., Simons, Callahan, Boomer and Schnepp, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. JAMES WENTSLEY, Respondent, v EDWARD HAMMOCK, as Chairman of the New York State Board of Parole, Appellant, and JOHN C. DILLON, as Sheriff of Onondaga County, Respondent. — Judgment unanimously reversed and petition dismissed. Memorandum: Respondent Parole Board appeals from a judgment which granted a writ of habeas corpus to petitioner because it failed to give petitioner 14 days' notice of the date of an adjourned hearing. Petitioner does not contest his receipt of 14 days' notice of the initial parole revocation hearing pursuant to section 259-i (subd 3, par [f], cl [iii]) of the Executive Law. There is no requirement that an additional 14 days' notice be given for a rescheduled or adjourned final parole revocation hearing (*People ex rel. Haskins v Waters,* 87 AD2d 657). Such a requirement would undermine the Legislature's manifest concern for promptness in disposing of charges of parole violation (see *People ex rel. Knowles v Smith,* 54 NY2d 259, 265). (Appeal from judgment of Supreme Court, Onondaga County, Gorman, J. — habeas corpus.) Present — Hancock, Jr., J. P., Callahan, Doerr, Denman and Moule, JJ.