■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD WRIGHT, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Booth, J.), rendered March 27, 1981, convicting him of attempted robbery in the second degree, upon his plea of guilty, and imposing sentence. ¶ Judgment affirmed. ¶ We have reviewed the record and agree with defendant's assigned counsel that there are no meritorious issues that could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted (see *Anders v California,* 386 US 738; *People v Paige,* 54 AD2d 631; cf. *People v Gonzalez,* 47 NY2d 606). Mangano, J. P., Thompson, O'Connor and Boyers, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. LAWRENCE MEDINA, Appellant, v SUPERINTENDENT, QUEENSBOROUGH CORRECTIONAL FACILITY, NEW YORK STATE DIVISION OF PAROLE, et al., Respondents. — In a habeas corpus proceeding, petitioner appeals from a judgment of the Supreme Court, Queens County (Rotker, J.), entered June 14, 1983, which dismissed the writ. ¶ Judgment affirmed, without costs or disbursements. ¶ Petitioner was given 14 days' notice of the date of the originally scheduled hearing, as required by section 259-i (subd 3, par [f], cl [iii]) of the Executive Law. The statute does not require that at least 14 days prior notice be given for a rescheduled or adjourned final parole revocation hearing (*People ex rel. Haskins v Waters,* 87 AD2d 657; see, also, *People ex rel. Wentsley v Hammock,* 89 AD2d 1058). ¶ In addition, we note that an alleged denial of the statutory right to timely notice of a final parole revocation hearing is not subject to judicial review unless the parolee has first sought a determination of his claim at the final hearing (see *People ex rel. Walker v New York State Bd. of Parole,* 98 AD2d 33). Bracken, J. P., Niehoff, Rubin and Eiber, JJ., concur.