■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. MIGUEL PEREZ, Appellant, v WARDEN et al., Respondents.—Judgment, Supreme Court, Bronx County (John Byrne, J.), entered June 9, 1987, dismissing the petition for a writ of habeas corpus, unanimously reversed, on the law and facts and in the exercise of discretion, without costs or disbursements, petition granted, and the matter remanded for a final parole revocation hearing.

It is well settled that a parolee has the right to be represented by counsel at a final parole revocation hearing. (Executive Law § 259-i [3] [f] [v]; *People ex rel. Menechino v Warden,* 27 NY2d 376.) Although this right may be waived *(People ex rel. Martinez v Walters,* 99 AD2d 476, 477, *appeal dismissed* 63 NY2d 727) such a waiver must be knowingly, intelligently, and voluntarily made. *(People v McIntyre,* 36 NY2d 10, 17.)

The record before us indicates that while the Hearing Officer informed petitioner of his right to be represented by counsel, and made inquiry as to petitioner's educational background and psychiatric history, he did not conduct a sufficiently " 'searching inquiry' " to reasonably assure that peti-

tioner appreciated the " 'dangers and disadvantages' " of waiving the fundamental right to counsel. *(People v Sawyer,* 57 NY2d 12, 21.) Without the benefit of a "precautionary inquiry" adequate to "warn [petitioner] of the 'risks inherent in representing himself' or apprise him of 'the value of counsel' " the waiver of counsel was ineffective, and petitioner is entitled to a new hearing. *(People v Kaltenbach,* 60 NY2d 797, 799.) Concur—Sullivan, J. P., Ross, Asch, Milonas and Kassal, JJ.