■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. EFRAIN BETANCOURT, Appellant, v WARDEN OF RIKERS ISLAND et al.,

Respondents.—Judgment, Supreme Court, Bronx County (Burton Hecht, J.), entered May 10, 1988, which dismissed petitioner's application for a writ of habeas corpus, is unanimously reversed, on the law and on the facts, the judgment vacated, and the petition is granted, without costs.

Following Mr. Efrain Betancourt's conviction in the Supreme Court, Kings County, of the crime of attempted manslaughter in the first degree (Penal Law §§ 110.00, 125.20) on June 28, 1982, he was sentenced to an indeterminate prison term of 3 to 9 years. Thereafter, on March 20, 1986, he was released on parole, with an aggregate maximum expiration date of November 20, 1990.

While on parole, on October 15, 1987, Mr. Betancourt (defendant) was arrested in Kings County, and charged with the crimes of criminal possession of a weapon in the third degree (Penal Law § 265.02) and menacing (Penal Law § 120.15), and on October 20, 1987, he was released on bail.

The New York State Division of Parole (Division), on October 21, 1987, executed a parole detainer warrant upon defendant, took him into custody, served him with a notice of parole violation concerning the October 15, 1987 arrest, mentioned *supra,* and defendant waived a preliminary hearing. Thereafter on October 28, 1987, the Division scheduled defendant's final violation hearing for November 23, 1987, and then, itself, adjourned the final hearing to December 7, 1987.

By letter dated November 16, 1987, Ms. Corinne Edelbaum, Esq. (counsel), who was assigned counsel for the indigent defendant, filed her notice of appearance with the Division, and requested the statutory 14-day notice of the final hearing date (Executive Law § 259-i [3] [f] [iii]). The Division acknowledges it received this letter on November 19, 1987. Thereafter, the Division notified counsel, by mail, that the final hearing was scheduled for December 7, 1987, and the Division does not dispute counsel's assertion that she received that notice on November 25, 1987, which was only 12 days before the scheduled hearing. Since counsel had not received the required 14 days' notice, she advised the Division, by letter dated November 30, 1987, that the December 7th date for the final hearing should be rescheduled to afford her such notice.

On December 22, 1987, counsel received a notice from the Division that the final hearing had been rescheduled for January 19, 1988, and that notice alleged that the defendant had refused to appear on December 7th. Counsel responded, by letter dated December 23, 1987, to the Division, in which

she contended, *inter alia,* that if defendant did actually refuse to appear on December 7th, such refusal was due to his knowledge that the final hearing scheduled for that date would not go forward, since his counsel had not received 14 days' notice.

Subsequently, the Division, itself, adjourned the January 19, 1988 final hearing to February 4, 1988, and then, itself, adjourned the February 4, 1988 hearing. Finally, on February 22, 1988, which was the 124th day from when defendant had waived a preliminary hearing, a final hearing was held and completed.

Counsel, on February 11, 1988, upon behalf of defendant (petitioner), instituted the instant proceeding against, among others, the Warden of Rikers Island, and the Chairman of the New York State Board of Parole (respondent) for a writ of habeas corpus. The petition alleges that the revocation of petitioner's parole was invalid, since the respondent had violated petitioner's statutory right to receive a final revocation hearing within 90 days of having waived his right to a preliminary hearing (Executive Law § 259-i [3] [f] [i]). In response, the respondent opposed the petition since, although it conceded 81 days were chargeable to it, based on the periods October 21 to December 7, 1987 and January 19 to February 22, 1988, the petitioner was chargeable with the adjournment from December 7, 1987 to January 19, 1988, as a result of his counsel requesting the 14-day notice, mentioned *supra.* Petitioner replied that the respondent had adjourned the December 7th hearing for an excessive period. The Supreme Court dismissed the writ.

In *People ex rel. Smith v New York State Bd. of Parole* (131 AD2d 401, 403 [1st Dept 1987]), we held that the required 14-day notice of final hearing is to be calculated from the date that counsel receives such notice. Applying the *Smith* case *(supra)* holding to the instant case, we find that the scheduled final hearing date of December 7th was a nullity, since the notice received by counsel on November 25th did not provide her with 14 days' notice of such hearing.

As mentioned *supra,* the Division rescheduled the final hearing date for January 19, 1988, which was the 90th day after the petitioner had waived a preliminary hearing. Nevertheless, the respondent, itself, adjourned the hearing from January 19, 1988 to February 4, 1988, and the respondent admits, as mentioned *supra,* that this adjournment is chargeable to it. By adjourning the final hearing to February 4, 1988,

which was the 106th day after petitioner's waiver of a preliminary hearing, the respondent exceeded the 90-day deadline.

Although in the *Smith* case *(supra,* at 403) we stated that in order to provide the 14-day notice of final hearing, it may be necessary to exceed the required 90-day deadline by a day or two, that factual pattern is not present herein, since counsel requested the 14-day notice on both November 16 and November 30, 1987, and those dates were far in advance of the 90-day deadline.

Our review of the record indicates that the respondent has not offered any meritorious evidence which justified scheduling a final hearing date beyond the 90-day period, since it appears to us that an earlier date could have been scheduled that would have met both the statutory 14-day notice and 90-day deadline requirements. Therefore, based upon our analysis *supra,* we find the Supreme Court erred in denying the writ.

We held in *People ex rel. Johnson v New York State Bd. of Parole* (71 AD2d 595 [1st Dept 1979]) that "The statute now clearly provides that delay beyond 90 days * * * after waiver of the right to a preliminary revocation hearing, is unreasonable per se * * *. Under the circumstances, the appropriate remedy to rectify the statutory violation is vacatur of the parole revocation warrant and reinstatement of petitioner to parole".

Accordingly, we reverse, and grant the writ. Concur—Murphy, P. J., Ross, Kassal, Ellerin and Rubin, JJ.