■ DEBRA A. HAGEMAN, Respondent, v ARTHUR A. HAGE-MAN, Appellant.—Order unanimously modified as an exercise of discretion without costs and as modified affirmed, in accordance with the following memorandum: As a general rule a speedy trial is the proper avenue for correction of any inequities in an order pendente lite *(see, Wesler v Wesler,* 133 AD2d 627, 628; *Berger v Berger,* 125 AD2d 285; *Baker v Baker,* 120 AD2d 374, 376; *Messina v Messina,* 101 AD2d 856). Here, however, we exercise our discretion to grant the relief sought by defendant to the extent of modifying the July 13, 1988 order by omitting the decretal paragraph that directs the defendant to pay child support to plaintiff in the sum of $30 per child per week. Pursuant to an order of the court dated March 19, 1989, which approved a stipulation of the parties, defendant was awarded physical custody of the parties' two children effective April 1, 1989. Inasmuch as plaintiff no longer has custody of the children of the marriage, there is no basis for an award of child support to her *(see, Osserman v Osserman,* 92 AD2d 932, 934). With respect to the remaining

relief sought by defendant pendente lite, there are no "compelling circumstances" to warrant this court to exercise its discretion and grant relief *(see, Pleto v Pleto,* 98 AD2d 994; *see also, Berger v Berger, supra).* (Appeal from order of Supreme Court, Erie County, Fudeman, J.—temporary child support.) Present—Denman, J. P., Boomer, Balio, Lawton and Davis, JJ.