■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. ROOSEVELT MACK, Appellant, v WARDEN OF ANNA M. KROSS CENTER, Respondent.—Judgment, Supreme Court, Bronx County (Burton G. Hecht, J.), entered on or about April 17, 1989, denying this petition for writ of habeas corpus, unanimously affirmed, without costs.

Petitioner waived his right to counsel at a final parole revocation hearing after appropriate inquiry by the Administrative Law Judge and advisement and acknowledgment of the dangers and disadvantages of going forth in such a proceeding without benefit of counsel *(cf., People ex rel. Perez v Warden,* 139 AD2d 477).

Petitioner was given appropriate 14-day notice of his final revocation hearing, in accordance with Executive Law § 259-i (3) (f) (iii). The fact that the final revocation hearing was subsequently adjourned, and that petitioner did not receive a separate 14-day notice with regard to the adjourned date, did not prejudice his ability to prepare his defense therefor *(People ex rel. Medina v Superintendent,* 101 AD2d 871; *People ex rel. Wentsley v Hammock,* 89 AD2d 1058). Only where the adjourned date falls outside the 90 days required for bringing on such a proceeding (Executive Law § 259-i [3] [f] [i]) is such an adjournment rendered invalid *(People ex rel. Campbell v Meloni,* 139 AD2d 947; *Matter of Jackson v Hammock,* 82 AD2d 888). The better practice would have been when a relator appears *pro se,* that he be given prior notice of the adjourned date. Concur—Kupferman, J. P., Sullivan, Ross, Carro and Kassal, JJ.