■ The People of the State of New York ex rel. James Venechanos, Appellant, v Warden et al., Respondents.—

The final parole revocation hearing was not untimely. The parties agree that the 90-day period commenced on March 26, 1990, and that the proceedings, originally scheduled for May 10, were adjourned to June 15, ostensibly to give petitioner's counsel time to prepare. On June 15, new counsel appeared for petitioner, and sought and obtained further adjournments to August 24, 1990.

We find that only 81 days, representing the period from March 26 to June 15, is chargeable to the respondent Division of Parole. Petitioner now argues that the additional adjournments requested by his new counsel were necessary, as new counsel had not been given 14 days notice of the hearing as required by Executive Law § 259-i (3) (f) (iii) *(People ex rel. Betancourt v Warden,* 149 AD2d 356). While petitioner impliedly concedes that each new counsel is not entitled to an additional 14-day notice *(see, People ex rel. Medina v Superintendent,* 101 AD2d 871), he asserts that since his original attorney was not given such notice, his new counsel was entitled thereto.

We disagree. Inasmuch as original counsel had more than ample time to prepare with the initial adjournment, the adjournments subsequently requested by new counsel should not be chargeable to the Division of Parole *(People ex rel. Zeigler v Warden,* 168 AD2d 353). Concur—Sullivan, J. P., Rosenberger, Wallach, Ross and Smith, JJ.