# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**285**

**KAH 10-00654**

PRESENT: SCUDDER, P.J., CENTRA, CARNI, SCONIERS, AND GREEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK EX REL.
DAVID MCCULLOUGH, PETITIONER-APPELLANT,

V                                                    MEMORANDUM AND ORDER

NEW YORK STATE DIVISION OF PAROLE,
RESPONDENT-RESPONDENT.

---

D.J. & J.A. CIRANDO, ESQS., SYRACUSE (BRADLEY E. KEEM OF COUNSEL), FOR
PETITIONER-APPELLANT.

ANDREW M. CUOMO, ATTORNEY GENERAL, ALBANY (KATE H. NEPVEU OF COUNSEL),
FOR RESPONDENT-RESPONDENT.

---

Appeal from a judgment (denominated decision and order) of the
Supreme Court, Orleans County (James P. Punch, A.J.), entered February
19, 2010 in a habeas corpus proceeding. The judgment denied the
petition.

It is hereby ORDERED that the judgment so appealed from is
unanimously affirmed without costs.

Memorandum: Petitioner commenced this proceeding seeking a writ
of habeas corpus on the ground that he allegedly did not receive
timely notice of the final parole revocation hearing pursuant to
Executive Law § 259-i (3) (f) (iii), nor did he receive effective
assistance of counsel at the final hearing. We conclude that Supreme
Court properly denied the petition. First, the record establishes
that petitioner waived any issues concerning the allegedly untimely
notice of the final parole revocation hearing at the time of that
hearing (*see People ex rel. Webster v Travis*, 277 AD2d 546; *People ex
rel. Medina v Superintendent*, 101 AD2d 871). Second, habeas corpus
relief is not available based on petitioner's alleged denial of
effective assistance of counsel at the final parole revocation hearing
because he would not be entitled to immediate release from
incarceration on that ground (*see People ex rel. Shannon v Khahaifa*,
74 AD3d 1867, *lv dismissed* 15 NY3d 868). We note that, although this
Court has the power to convert this proceeding into one pursuant to
CPLR article 78, we deem such conversion to be inappropriate on the
record before us (*see id.* at 1867-1868).

Entered:  March 25, 2011                          Patricia L. Morgan
                                                   Clerk of the Court