Baxter v Baxter (2018 NY Slip Op 04900)





Baxter v Baxter


2018 NY Slip Op 04900


Decided on June 29, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 29, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CENTRA, LINDLEY, CURRAN, AND WINSLOW, JJ.


784 CAF 18-00033

[*1]MARGARET BAXTER, PLAINTIFF-APPELLANT,
v
FRANKLIN R. BAXTER, DEFENDANT-RESPONDENT. 






FINUCANE & HARTZELL, LLP, PITTSFORD, MICHAEL STEINBERG, ROCHESTER, FOR PLAINTIFF-APPELLANT. 
MULDOON, GETZ & RESTON, ROCHESTER (GARY MULDOON OF COUNSEL), FOR DEFENDANT-RESPONDENT. 


 Appeal from an order of the Supreme Court, Monroe County (Daniel P. Majchrzak, Jr., R.), entered August 28, 2017. The order, inter alia, directed defendant to pay temporary monthly child support. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this action for divorce and ancillary relief, plaintiff, as limited by her brief, appeals from that part of a temporary order that imputed income to her for the purposes of calculating child support and directed defendant to pay pendente lite child support. We note that the temporary order directs defendant to pay a basic monthly amount of child support and to contribute to the statutory add-on expenses (see Domestic Relations Law § 240 [1-b] [c] [4], [5]). We affirm. The best remedy for "any claimed inequity in awards of temporary alimony, child support or maintenance is a speedy trial where the respective finances of the parties can be ascertained and a permanent award based on the evidence may be made" (Tabor v Tabor , 39 AD2d 640, 640 [4th Dept 1972] [internal quotation marks omitted]; see Annexstein v Annexstein , 202 AD2d 1060, 1061 [4th Dept 1994]; Frost v Frost , 38 AD2d 786, 787 [4th Dept 1972]). "Absent compelling circumstances, parties to a matrimonial action should not seek review of an order for temporary support" (Newman v Newman , 89 AD2d 1058, 1058 [4th Dept 1982]; see Hageman v Hageman , 154 AD2d 948, 948-949 [4th Dept 1989]). Plaintiff has failed to allege the existence of compelling circumstances warranting review of the award of pendente lite child support (see generally Newman , 89 AD2d at 1058).
Entered: June 29, 2018
Mark W. Bennett
Clerk of the Court